### In re SEA BEACH RY. CO.

(Supreme Court, Special Term, Kings County. April 8, 1907.)

1. EMINENT DOMAIN (§ 154*)—CONDEMNATION OF MORTGAGE LAND—PAYMENT OF AWARD.

Where mortgaged land is condemned, the award in general stands for the land, and the lien of a mortgage on the land is transferred to the award; the mortgagee being entitled to have his interest ascertained and paid to him.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 417–420; Dec. Dig. § 154.*]

2. EMINENT DOMAIN (§ 157*)—CONDEMNATION OF LAND—GREATER NEW YORK CHARTER—PROCEEDINGS—PARTIES—MORTGAGEE.

Greater New York Charter (Laws 1901, c. 466) §§ 970–1117, provides a complete system for condemning land for public purposes, and the disposition of the awards, the commissioners being required to determine the compensation to be made to the respective owners, lessees, parties, or persons respectively entitled or interested in the land. Section 978 requires the commissioners to publish a notice, warning all persons having any claim in the land to present the same, and section 980 declares that the commissioners shall ascertain the compensation which ought justly to be made to the respective owners or parties in interest; section 985 requiring in the report a separate statement of the compensation allowed to every party in interest. *Held*, that a mortgagee of land sought to be condemned is an interested party entitled to his proportionate share of the award; it being the duty of the commissioners to ascertain his interest and to adjust and allow the same.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 427; Dec. Dig. § 157.*]

3. EMINENT DOMAIN (§ 161*) — CONDEMNATION OF LAND — COMMISSIONERS' AWARD—PAYMENT.

Where street opening commissioners have made an award for land sought to be condemned and the report has been confirmed by the court, the city is justified in paying the award to the persons named by the commissioners as entitled thereto, without liability to a subsequent claimant, unless the city has received notice of such claim before payment to the persons to whom the award is allowed.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 435; Dec. Dig. § 161.*]

4. EMINENT DOMAIN (§ 161*) — CONDEMNATION PROCEEDINGS — LAND FOR STREETS—AWARD—RIGHTS OF MORTGAGEES.

Where mortgagees of land sought to be condemned for street purposes made no claim to any part of the award before the commissioners, and the city officials never received any notice of any adverse claim to the amount allowed the owner, it was entitled to receive payment of the award in full, and the comptroller's refusal to pay over the award because of the mortgage was unjustifiable.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 435; Dec. Dig. § 161.*]

In the matter of the application of the Sea Beach Railway Company for an order requiring the comptroller of the city of New York to pay to petitioner an award made to the company by the Street Opening Commissioners for two strips of land, one on each side of Third avenue. Application granted.

Order affirmed, 121 App. Div. 907, 106 N. Y. Supp. 1144, which was affirmed in 196 N. Y. 533, 89 N. E. 1112.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Geo. Yeomans, of Brooklyn, for Sea Beach Ry. Co.

F. K. Pendleton, of New York City, for City of New York.

CRANE, J.  The comptroller has refused to pay the award made to the Sea Beach Railway Company by the street opening commissioners, on the ground that a mortgage covering the property taken has not been released.  The land taken for street purposes consists of two railroad strips about 10 feet wide and 40 feet long, one on each side of Third avenue.  The mortgage is for $650,000, on all the property of the railway company, made to the trustees to secure the bonds of the company.

[1] It is true, as a general proposition or statement of law, that where mortgaged land is condemned the award stands for the land and the mortgagee's lien is transferred to it, and he is entitled to have his interest ascertained and paid to him.  Youngs v. Stoddard, 27 App. Div. 162, 50 N. Y. Supp. 475; Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892.  But even this general rule is apt to be misapplied unless the facts of the case in which it is expressed are also considered.

[2] The Greater New York Charter, section 970 to section 1011, provides a complete system for the condemnation of land for public purposes and for the disposition of awards to interested parties.  Application is to be made to the court for the appointment of commissioners to determine the compensation which should justly be made to the respective "owners, lessees, parties or persons respectively entitled unto or interested in the land," etc.  Public notice in newspapers and in posters is required to be given at almost every step in the proceedings.  Section 973 requires notice to be given of the application for commissioners, as well as notice of their appointment, indicating the land to be taken.  Section 978 says the. commissioners shall publish a notice requiring all persons interested and having any claim in the land to present the same to them duly verified, and that proof of title, and likewise proof of liens or incumbrances, shall be referred to the clerk of the commission or to the assistant corporation counsel, a title company's certificate of title and liens being permitted, if necessary. By section 980 the commissioners must ascertain the compensation which ought justly to be made to the respective "owners, lessees, parties and persons respectively interested entitled unto or interested in the lands," etc.  Section 981 states that 15 days' notice of presentation of the report must be published in certain papers, while section 985 requires in the report a separate statement of the compensation allowed every party in interest.  From this very brief outline of the pertinent parts of the charter, it is, of course, apparent that a mortgagee is an interested party and has a right to his proportionate share of an award. It is the duty of the commissioners to ascertain his interest and to adjust and allow the same.  The proof of title and of liens and incumbrances will, in nearly every case, disclose such interest, but by such frequently posted and published notices the law also presumes that the mortgagee has received notice of the proceedings and is aware of his right to be heard and to enforce any claim.  Patterson v. Binghamton, 88 Hun, 272, 34 N. Y. Supp. 416.

[3] It is also to be presumed that the commissioners have performed their duties so that another general rule must be read, together with the one above stated. It is that where the commissioners have made an award, have fulfilled all the charter provisions and their report has been confirmed by the court, then the city is justified in paying the award to the person named by the commission as entitled thereto, without being liable to a subsequent claimant, unless it has received actual notice before payment of that claimant's demand.

In Spears v. Mayor, 87 N. Y. 359, 373, we find these words:

"It is undoubtedly true that the city would be justified to pay the person named in the award, unless it had received notice of an adverse claim. After such notice, * * * the city would pay * * * at its peril."

[4] Even in the Youngs Case, above cited (27 App. Div. 166, 50 N. Y. Supp. 477), it is stated that "the order confirming the commissioners' report * * * binds the city to pay the awards to the persons to whom they are specifically given," but that this application "is limited to payments made without notice of adverse claims." "Even if," says the opinion in Cassidy v. Mayer, 62 Hun, 364 [17 N. Y. Supp. 358], "a deed has been recorded, * * * the payment by the city in good faith to the party named in the report as the owner will protect the city against the true owner. It is only when actual notice is given to the city that it has any reason to refuse to pay the party named in the report." On argument, and in briefs, it is conceded that the mortgagees here never made any claim to any part of this award, and that the city officials have never received any notice of any adverse claim to the amount allowed the Sea Beach Railway Company. The fact that the mortgagees made no such adverse claim is the exception to the general rule that the city should not pay one of two claimants. If the commissioners were silent as to the mortgagee's rights and they for the first time gave notice of their claim to the comptroller, I do not mean to decide that the confirmation of the commissioners' report would be a bar to their recovery. Such a question is not presented, and I do not decide it.

What the commissioners may have done regarding these mortgagees, or what consideration they gave their interest, I do not know; nothing is said about the matter in the papers on this motion, but it may be that the amount of property taken was so very small that they did not think the security of the mortgage lessened, or that there was any compensation "which ought justly" to be paid to them (section 980 of the charter).

For the above reasons, I shall grant the motion of petitioner, and direct payment to it of the award made, with interest from the date of the report.