BAZENA T. D. MERRIMAN, Respondent, *v.* THE CITY OF NEW YORK, Appellant, Impleaded with Others.

Eminent domain — New York (city of) — award in condemnation proceedings instituted to acquire land for municipal purposes — when such award has been duly confirmed by the courts and the award paid as directed therein, a mortgagee who has failed to present and prove her claim thereunder cannot maintain an action against the city to recover the mortgage debt.

1. An award payable by a municipality is a sure and certain provision for the payment of compensation for the real estate for which the award is made, and stands in place of the real estate for the purpose of determining in equity the rights of the owners. The real estate acquired in the proceeding instituted for that purpose is obtained entirely free from the claims of all owners including all persons having an interest therein, either legal or equitable.

2. It is provided that all contracts and engagements respecting property taken in the proceeding in which an award is made on behalf of the city of New York to acquire title to land, shall, upon such vesting of title in the city, cease, determine and be absolutely discharged as to the part thereof so taken. (Greater New York Charter, L. 1901, ch. 466, § 996.) The charter also provides that all damages awarded by the commissioners of estimate and assessment shall be paid by the city of New York *to the respective persons mentioned or referred to in their report.* (§ 1001.) It is further provided that the determination of the court on the final confirmation of the report " shall, unless set aside or reversed on appeal, be final and conclusive, as well upon the city of New York as upon the owners, lessees, persons, and parties interested and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report; and also upon all other persons whomsoever." (§ 986.) As the result of these and other provisions, where all of the requirements of the charter relating

to the taking of lands for street purposes were complied with by the city, and a party holding a mortgage on the property condemned never served a notice in writing or otherwise as provided by the charter of any claim by her as the owner of the real estate as in the charter defined and never appeared in the proceeding or asserted any claim therein whatsoever, she wholly defaulted in asserting a claim for damages by reason of taking the property, and in such case the city was authorized to pay the award to the person to whom it was directed to be paid by the order of confirmation and is protected in making such payment as against a claim upon the award made by the mortgagee.

*Merriman* v. *City of New York*, 185 App. Div. 888, reversed.

(Submitted October 13, 1919; decided November 25, 1919.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 19, 1918, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William P. Burr,* Corporation Counsel (*Joel J. Squier* of counsel), for appellant. The trial court erred in finding, as a matter of law, that the city of New York was negligent in the preparation of the final report of the commissioners, which failed to recite the mortgage as a lien on the award and also negligent in paying the award without regard to the mortgage. (*Matter of Mayor, etc.,* 99 N. Y. 570.) The trial court erred in finding as a matter of law that the city of New York is obligated to plaintiff for the amount of her deficiency judgment. (*Matter of City of New York,* 209 N. Y. 127; *Youngs* v. *Stoddard,* 27 App. Div. 162; *Matter of Corporation Counsel,* 42 App. Div. 198.)

*Theodore E. Larson* and *Henry T. Randall* for respondent. Upon the making of the award plaintiff's lien on the land was transferred to the fund for the payment of the award to the extent of the deficiency

judgment. (*Hill* v. *Wein*, 35 App. Div. 520; *Utter* v. *Richmond*, 112 N. Y. 610; *Matter of Mayor, etc.*, 118 App. Div. 117; *Bank of Auburn* v. *Roberts*, 44 N. Y. 192; *Youngs* v. *Stoddard*, 27 App. Div. 162; *Deering* v. *Schreyer*, 171 N. Y. 451; *Magee* v. *Brooklyn*, 144 N. Y. 265.) By paying the amount of the award to Carolina Wenninger after notice of plaintiff's mortgage lien the city failed in its duty toward plaintiff and became obligated to make restitution by satisfying plaintiff's lien as determined by the deficiency judgment. (*Hatch* v. *Mayor, etc.*, 82 N. Y. 436.) The payment of the award is no defense to the action. (*Matter of Corporation Counsel*, 42 App. Div. 198; *Matter of City of New York*, 209 N. Y. 127.)

CHASE, J. In 1899 and prior thereto Katharine F. Merritt owned certain lands in the city of New York. On November 14 of that year she gave to the plaintiff a mortgage covering said lands to secure the payment of $7,000 which mortgage was duly recorded.

In 1906 the city of New York duly instituted a proceeding to acquire title to lands required for the purpose of opening and extending Belmont avenue. The lands sought to be taken included a portion of the lands covered by the plaintiff's mortgage and the part so taken is known in the proceeding as " damage parcel No. 3." Commissioners were duly appointed in the proceeding and on March 1, 1907, pursuant to a resolution of the board of estimate and apportionment, title to lands including said " damage parcel No. 3," became vested in fee in the city of New York.

On December 3, 1907, a preliminary report of the commissioners was duly made and filed. In and by such report an award of $3,999.00 was made to " unknown owners " for the damages sustained on account of the taking of said " damage parcel No. 3." At the time title in fee to said " damage parcel No. 3 " became so vested in the city of New York Carolina Wenninger was the

owner in fee thereof, the same having been transferred and sold to her through mesne conveyances from Katharine F. Merritt.

On January 28, 1908, at a meeting of the commissioners duly called to hear objections to their preliminary report, counsel for Carolina Wenninger in proof of her title to " damage parcel No. 3 " offered in evidence an affidavit made by her, which was received by the commissioners, in which she alleged that she was the owner of the lands known as " damage parcel No. 3 " and in which she also alleged that the same were subject to a mortgage to the plaintiff, and she therein stated the date and date of record thereof.   The final report of the commissioners which was filed January 2, 1909, provided for the payment of the award and interest thereon to Carolina Wenninger and did not refer to or make any provision for the payment of the plaintiff's mortgage.   On August 7, 1909, the final report of the commissioners was duly confirmed by the court.

On January 3, 1910, the plaintiff commenced an action to foreclose her mortgage, making the city of New York a party defendant thereto.   The complaint did not contain an allegation relating in any way to the city of New York except the general allegation that the interest of the defendants, if any, in the real property therein described, accrued subsequent to that of the plaintiff. On March 22, 1910, the city of New York appeared in the action by the corporation counsel.   The defendant Mulligan in this action appeared in the foreclosure action as a defendant and also as attorney for various other defendants.

While the foreclosure action was pending and on the 17th of May, 1910, Carolina Wenninger appeared at the office of the comptroller of the city of New York in company with her attorney, the defendant Mulligan, and her counsel, the defendant St. John, and made a demand for payment to her of the award and filed with the comptroller

an affidavit in which she alleged falsely that there were
no mortgages or liens of any nature whatsoever upon the
lands embraced within " damage parcel No. 3." The
comptroller paid to her the award with interest amounting
to $4,786.58. She paid the same to her said attorney
from which he paid her counsel, St. John, a bill for services
as counsel in the condemnation proceeding and retained
the residue. St. John received the amount paid to him
in good faith, believing that the allegations of the affidavit
were true. Mulligan received the amount paid to him
knowing that the affidavit of his client was false and
retained the same with intent to defeat the plaintiff's
lien, if any, thereon.

On June 13, 1911, judgment of foreclosure and sale
was entered in plaintiff's action which did not affect the
defendant city of New York as it simply directed the
sale of that part of the mortgaged premises not including
" damage parcel No. 3." A sale was had accordingly
which resulted in a partial payment on account of the
plaintiff's mortgage and a judgment of $2,044.35 for
deficiency was rendered against Katharine F. Merritt,
the mortgagor, in favor of the plaintiff. Execution was
issued on that judgment and returned unsatisfied. The
said Carolina Wenninger has since died intestate and
insolvent. The said Mulligan is insolvent. The said
St. John has repaid to the use of the plaintiff the money
received by him from Mulligan.

On April 6, 1915, the plaintiff presented to the comp-
troller of the city of New York a written demand for the
payment of the said deficiency judgment but the same has
not been paid. The plaintiff brought a proceeding
by petition to compel the comptroller to pay the amount
of the deficiency judgment to her out of the award.
The petition was denied on the ground that plaintiff's
only remedy was by an action under section 1001 of the
present Greater New York charter. The order of the
Special Term was affirmed at the Appellate Division

(*Matter of City of New York*, 172 App. Div. 952) and in this court " without prejudice to the petitioner's remedy by action against the city or against Caroline Wenninger." (*Matter of City of New York, Belmont Ave.*, 218 N. Y. 721.) This action is brought against the city of New York and against Mulligan and St. John.

The trial court adjudged that the defendant Mulligan refund and repay to the plaintiff the amount of her deficiency judgment less the amount repaid to her by the said St. John with the costs of the action, and further adjudged that in the event that execution against the property of Mulligan be returned wholly or partly unsatisfied or said judgment remain unsatisfied for sixty days the defendant city of New York pay the amount thereof to the plaintiff and that the plaintiff have judgment against the city therefor. The complaint was dismissed as against the defendant St. John. The city of New York appealed to the Appellate Division from the judgment as against it and the judgment was by that court unanimously affirmed. (*Merriman* v. *City of New York*, 185 App. Div. 888.)

The plaintiff in bringing this action for the purposes alleged in her complaint necessarily affirms the title acquired by the city of New York to " damage parcel No. 3." The final order of confirmation of the commissioners' report is conclusive upon the parties of whom jurisdiction was obtained in the proceeding at least as to the condemnation of the land and the amount of the award. (*Matter of Department of Parks*, 73 N. Y. 560; *Youngs* v. *Stoddard*, 27 App. Div. 162.)

The provisions of the charter of the city of New York by which the fee of real property is taken for street purposes are constitutional. (*Matter of Mayor, etc., City of N. Y.*, 99 N. Y. 569.)

The constructive notices provided by the charter are sufficient to constitute due process of law as against the owners of such real property. (*Matter of Mayor, etc., supra.*)

The proceeding to acquire title for the purpose of opening and extending Belmont avenue was commenced and concluded while the Greater New York charter enacted in 1901 (Laws of 1901, chapter 466) was in force. Our references are to that charter.

The term " real estate " as used in the charter embraces " All uplands, * * * and every estate, interest and right, legal and equitable, in lands or water, or any privilege or easement thereunder, including terms for years, and liens thereon by way of judgment, mortgages or otherwise, and also all claims for damage to such real estate." (Greater N. Y. Charter, sec. 485.) The real estate so acquired in the proceeding included the plaintiff's lien by mortgage on said " damage parcel No. 3." She was an owner within the meaning of the charter.

An award payable by a municipality is a sure and certain provision for the payment of compensation for the real estate for which the award is made. And it stands in place of the real estate for the purpose of determining in equity the rights of the owners. By the proceeding the real estate acquired in the proceeding was obtained entirely free from the claims of all owners including all persons having an interest therein either legal or equitable. (*Matter of City of Rochester,* 136 N. Y. 83.)

Where a part of any lot or parcel of land or other premises is taken for street purposes, " All contracts and engagements respecting the same shall, upon such vesting of title, cease, determine and be absolutely discharged as to the part thereof so taken." (Greater New York Charter, sec. 996.) Such provision is valid. (*Matter of Mayor, etc., supra;* Lewis on Eminent Domain, 1260.)

The charter also provides that all damages awarded by the commissioners of estimate and assessment shall be paid by the city of New York *to the respective persons mentioned or referred to in their report.* (Greater New York Charter, sec. 1001.)

After the commissioners are appointed they are required

by the charter to publish a notice of their appointment " Containing a brief statement of the purposes for which they have been appointed, and requiring all parties and persons interested in the real estate taken or to be taken * * * and having any claim or demand on account thereof, to present the same to them duly verified, with such affidavit or other proof as the owners or claimants may desire, within twenty days after the date of such notice, and stating a time and place after the expiration of said twenty days when the said parties and persons shall be heard in relation thereto by the said commissioners." (Greater New York Charter, sec. 978.) After the hearing as provided by the notice the commissioners are required to ascertain and estimate the compensation which ought justly to be made by the city of New York " To the respective owners, lessees, parties and persons respectively entitled unto or interested in the lands." (Greater New York Charter, sec. 980.)

At least thirty days before their report is presented to the court for confirmation an abstract of their estimate and assessment is required to be deposited as by the charter provided and notice given to all persons interested in the proceeding or in any of the lands affected thereby who have objections thereto, to file the same in writing duly verified with the commissioners and that a hearing will be had on a day specified by the commissioners of all parties so objecting to the abstract. (Greater New York Charter, sec. 981.)

After making any corrections or alterations in their estimates and assessments, if any, the commissioners are required to file their report in the court for confirmation. (Greater New York Charter, sec. 984.)

At the hearing before the court on the application for confirmation all persons interested therein may be heard and the determination of the court on the final confirmation of the report " shall, unless set aside or reversed on appeal, be final and conclusive, as well upon the city of

New York as upon the owners, lessees, persons, and parties interested and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report; and also upon all other persons whomsoever." (Greater New York Charter, sec. 986.)

All of the requirements of the charter relating to the taking of lands for street purposes were so far as appears complied with by the city. The plaintiff in this action never served a notice in writing or otherwise as provided by the charter or otherwise, of any claim by her as the owner of the real estate as in the charter defined and never appeared in the proceeding or asserted any claim therein whatsoever.

She wholly defaulted in asserting a claim for damages by reason of taking " damage parcel No. 3," or to the award. The amount of the award was paid to the person named in the report of the commissioners as confirmed by the court. No actual notice *of a claim by the plaintiff* to damages for taking " damage parcel No. 3 " or to the award ever came to the city of New York.

A constructive or actual notice of facts upon which, peradventure, an equitable claim could be asserted to damages or to an award, is a long way from constructive or actual notice that a claim is asserted by an owner of an interest in the real estate taken or in the award. The purpose of the charter provisions is to obtain title in fee to the lands to be used for street purposes free and clear from all rights or interests therein. It leaves to the owners the right and the duty if they claim a legal or equitable interest in the award to present the same duly verified as by the charter provided. A person having an interest in lands taken under the charter through holding a mortgage thereon might be willing to retain the lien on the lands other than those taken in the proceeding without asserting any claim to the award made as compensation for the real estate so taken. It is possible also that a mortgage appearing of record or by the evidence

taken before the commissioners as outstanding might be paid after the commencement of the proceeding and the confirmation of the award, or the time when the person named in the report and order of confirmation demands the award. Such might well have been the conclusion from the affidavit of Carolina Wenninger filed at the time she made her demand for payment of the award in which she alleged that there were no mortgages or other incumbrances on said " damage parcel No. 3." When the award was paid no claim by the mortgagee had been filed as provided by the charter or otherwise. and there is no finding herein of collusion, fraud or bad faith on the part of the comptroller acting in behalf of the city.

If the city is not protected by the charter provisions relating to claims of owners and the necessity of filing the same as by the charter provided, it will be required at its peril to bring all persons having claims, legal or equitable, against the lands taken in the proceeding or at least all persons of which it has notice, actual or constructive, or of facts which should place it upon inquiry relating to such claims before the court, in some other way than as now provided by the charter, that it may be there determined to whom the award shall be paid. Such further and additional or supplemental action is one of the very things apparently sought to be avoided by the charter.

The provisions of the charter do not prevent the maintenance of an action in equity against the city before the award is paid by it pursuant to its provisions, by one claiming an interest therein which has not been finally determined and adjudicated, in which action the person or persons to whom the award is by the decree payable and any other person or persons claiming an interest therein can be made parties, for the purpose of establishing among all the parties thereto their respective rights and interests, legal and equitable, in such award and directing payment thereof accordingly.

This action, however, was not brought until long after the award had been paid to the owner as named in the report and order of confirmation. It wholly depends upon an asserted liability arising from an alleged actual or constructive notice that the plaintiff had a mortgage of record covering " damage parcel No. 3," without any proof of a claim made by her by reason thereof prior to the award having been paid in accordance with the report of the commissioners duly confirmed by the court.

The question here involved was before the Supreme Court in a case entitled *Matter of Sea Beach Railway Co.,* and is reported in 148 N. Y. Supp. 1080 and the decision therein was affirmed on appeal to the Appellate Division (*Matter of Sea Beach Railway Co.,* 121 App. Div. 907) and on appeal to this court (*Matter of Sea Beach Railway Co.,* 196 N. Y. 533). In that case the railway company made application to the comptroller to pay to it an award for two pieces of real property taken from it pursuant to the city charter for street purposes in the city of New York. The comptroller refused to pay the award on the ground that there was a mortgage of $650,000 on the property of the railroad company including the real property taken for street purposes. The trustee of the mortgage bond-holders had made no claim for the amount of the award, neither had it formally waived or released the same. The court at Special Term held in substance that where a mortgagee of lands sought to be condemned for street purposes does not assert a claim to any part of the award and does not file a notice making claim thereto, the owner of the fee is entitled to receive payment of the award in full and the comptroller cannot refuse to pay the same to the owner of the fee because he has actual knowledge that a mortgage existed upon the real property taken at the time the fee thereof passed to the city. The case is in every respect similar to the one now before us. The

19

fact that the amount of the award in that case was small in proportion to the amount of the mortgage does not affect the principle involved. We repeat that the purpose of the charter provisions is to obtain title to the lands required for street purposes free from all claims thereto either legal or equitable and to enable the city to pay the amount of the award to the owners thereof as named in the commissioners' report and the order of the court confirming the same.

The purpose of the charter provisions as they existed prior to 1915 is emphasized in the charter of the city as it was changed by chapter 606 of the Laws of 1915. (See sections 969 to 1016.)

It is therein, among other things, expressly provided: "Payment of an award to a person named in the final decree of the court or the report of the commissioners as the case may be, as the owner thereof, if not under legal disability, shall, in the absence of *notice in writing to the comptroller* of adverse claims thereto, protect the city." (Greater New York Charter, sec. 983.)

The plaintiff, having wholly failed to assert her claim prior to the award being paid by the comptroller to the owner of the fee to whom it was awarded by the report and order of confirmation, is not entitled to maintain this action as against the city.

The judgment as against the city of New York should be reversed and the complaint as against it dismissed, with costs in all courts.

HISCOCK, Ch. J., COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.