In the Matter of Acquiring Title by the County of Nassau to Property for Parkway Purposes in and over Certain Portions of Northern State Parkway and Wantagh State Parkway Extension in the Towns of Hempstead, North Hempstead and Oyster Bay, County of Nassau and State of New York, Duly Selected by the Board of Supervisors of the County of Nassau for Use of Said County as a Parkway According to Law. Grace National Bank, Appellant; County of Nassau, Respondent. In the Matter of Acquiring Title by the County of Nassau to an Easement in Perpetuity for Highway Purposes in and over Certain Portions of Northern State Parkway and Wantagh State Parkway Extension in the Towns of Hempstead, North Hempstead and Oyster Bay, County of Nassau and State of New York, Duly Selected by the Board of Supervisors of the County of Nassau for Use of Said County as a Highway According to Law. Grace National Bank, Appellant; County of Nassau, Respondent.— Order of the County Court of Nassau county denying motion made by the claimant in a condemnation proceeding entitled " Parkway Proceeding " to confirm report of the commissioners of estimate as to damage parcels 3R 1724 B and C, setting aside the report of commissioners of estimate as to said damage parcels, and directing the commissioners to reconvene for the purpose of ascertaining and reporting the damage to said parcels in accordance with the opinion of the court, reversed on the law and the facts, with costs, motion of claimant to confirm the report of the commissioners of estimate as to such parcels granted, without costs, and motion of respondent to set aside the report of commissioners of estimate denied, without costs. Order of the County Court of Nassau county confirming report of commissioners of estimate in a condemnation proceeding entitled " Highway Proceeding " modified by striking from the first ordering paragraph the words " except as to damage parcel 3R 1724 B and C which will await the further order of this Court," and, as so modified, unanimously affirmed, without costs. The prime purpose of the deed of April, 1930, in so far as concerns the reservation of four rights-of-way, was to connect the tracts lying immediately to the north and south of the proposed parkway, which, theretofore, had comprised one parcel and was

severed by the strip conveyed. In the Parkway Proceeding, damage parcels B and C constituted strips of land abutting on the north and south of the strip previously conveyed and of the same length. In that proceeding the county took the fee to these damage parcels. It need not have done so, but could legally have reserved the easement rights in accordance with the previous conveyance. When it took in fee simple, it extinguished the easements (*Merriman* v. *City of New York*, 227 N. Y. 279; *Thompson* v. *Orange & Rockland Elec. Co.*, 254 id. 366), and compensation must be made for destruction thereof in conjunction with the dominant tenement as a single entity. (*Matter of City of New York* [*West 10th St.*], 267 N. Y. 212; *Matter of City of New York* [*Public Beach*], 269 id. 64, 68, 69.) No longer did the appellant have the right to traverse these strips, and so they constitute a barrier to access over and across the parkway, for which the appellant was entitled to consequential damage. (*New York Central & H. R. R. R. Co.* v. *Marshall*, 120 App. Div. 742.) Although these strips may have been taken by the county for purposes of conveyance to the State, there is in fact no proof in the record that such conveyance has been made. Even so, the strips have been freed of all easements and the State would have obtained such title as the county had acquired. Even were we to assume that the easement rights in some manner could be revived in favor of the appellant upon conveyance by the county to the State for parkway purposes, the strip of land abutting the parkway on the southerly side, condemned in fee in the Highway Proceeding, known as damage parcel D, constitutes a barrier to the access of the appellant over and across the highway. It is not even intimated in the brief for the respondent that there has ever been, or will be, a conveyance of that damage parcel to the State, and it appears that the taking was in conjunction with the establishment of a marginal highway by the county itself. It is, therefore, immaterial whether the consequential damages were awarded in the Parkway or the Highway Proceeding. We have examined the record and are unable to find any substantial ground for the claim that the award for consequential damage is excessive. The amount of the award appears to have been well within the discretion of the commissioners of estimate to make the same. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.