THOMAS NOLAN, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, Richmond County, December 24, 1942.

*Peter F. Gulotta* and *Lloyd R. Christopher* for plaintiff.

*William C. Chanler, Corporation Counsel (Joseph Dunne* of counsel), for defendant.

F. E. JOHNSON, J. This action arises from the following facts: In 1929, one De Roche, the owner of land in block 5037 conveyed it to James Nolan, who recorded the deed but it was not indexed against that block. A condemnation proceeding was begun in 1936. James Nolan deeded the land to his son, the plaintiff, by deed dated February, 1938, recorded April 26, 1938. Plaintiff on March 16, 1938, filed a notice of claim to any award, and the Comptroller was served. On November 30, 1938, the tentative decree, ignoring that claim, awarded $1,000 to an " unknown owner; " a final decree on March 9, 1939, made that award, again to an " unknown owner." The plaintiff did not act again till November 16, 1939, when he filed with the Comptroller a notice of claim for $1,000 damages for negligence — based on the payment by the Comptroller of the award to the De Roche estate. About three weeks after the entry of that final decree the executor of De Roche, who had divested himself of title ten years previously, began a proceeding to collect the award claiming the " unknown owner " to be the estate of De Roche, although plaintiff's father was the owner of the property

from 1929 till November 23, 1936, when title vested in the proceeding, and continued to own it till ten months before the tentative decree. Strictly speaking, the father had no land that he could convey when he gave the plaintiff a deed in February, 1938; the city had owned the property by that time for a year and a half; the father's rights were in the coming award. That deed to plaintiff also transfers all the right, title and interest which the grantor had to any award, so after its delivery the plaintiff was the owner of the rights of his father to the future award. As soon as the final decree was entered, March 9, 1939, he could have begun an " unknown owner " proceeding, but did not do so. How it happened that the executor of one who had conveyed the property long before title vested in the city could, in good faith, claim that award, has not been made clear; he did, however, proceed by petition, and established the title of the deceased, apparently paying no attention to (perhaps being unaware of) the 1929 deed. This court thereupon ordered the Comptroller to pay the award to the estate, which was done July 13, 1939.

Upon these facts, it seems apparent that the plaintiff might thereupon (1) sue the estate that had wrongfully collected the money, (2) bring an " unknown owner " proceeding on his own behalf, (3) try to reopen the executor's proceeding for fraud, or (4) perhaps sue the city for damages for negligence. Whether he could have succeeded in the " unknown owner " proceeding, upon all the facts, need not be now decided since he has chosen to sue the city.

The complaint alleges most of the foregoing facts; the November, 1939, notice of claim is " for damages " because the city " negligently and carelessly paid out " the award, " all to this claimant's damage and all without any negligence on his part." This is clearly an action in negligence.

The facts concerning the payment by the Comptroller should include the following additional important items: At the hearing in the " unknown owner " proceeding, neither the court nor the Corporation Counsel suspected that title to the award was not in the estate of the decedent whose executor brought the proceeding. There was not in the County Clerk's office any record in the block index showing a deed out of that decedent; the deed which he gave in 1929 to the plaintiff's father was on record but it was not indexed against that block, but was indexed against a block in which the land did not lie; that is why it was not discovered.

The good faith of all of the city's agents in that proceeding and up to and including the payment of the amount directed by the Supreme Court order is not weakened by the fact that in 1938 plaintiff filed the notice of claim in the condemnation proceeding and served it on the Comptroller. He did not proceed to establish that claim; a search of the County Clerk's records during the pendency of that proceeding would not disclose that he had any such title because, while the deed from his father to him appeared in that block, there was no deed out of De Roche and into his father indexed against that block. The statute does not impose upon the County Clerk the duty of deciding which block a deed is to be indexed against, but puts that up to the person offering it for record. The indorsement on the deed to the plaintiff's father is, therefore, to be charged to the grantee who was offering the deed for record; since it did not specify the proper block and did list the wrong block, the consequences are the fault of the person who prepared and offered the indorsement. The plaintiff, under the deed from his father, is merely an assignee and takes subject to whatever defenses would be good against his father, and it seems to be his father's negligence that caused the deed to be improperly indexed. The Comptroller's alleged negligence is to be judged by the conduct of the ordinarily prudent man.

In ignorance of the fact that the 1929 deed into the plaintiff's father existed and was recorded elsewhere than in the proper block, the Supreme Court made the 1939 final order directing the Comptroller to pay the amount of the award to the estate; the Comptroller had no option except to obey. There seems to be no statutory ground for holding that any index which the County Clerk might have in addition to the block index is to be "notice." Only certain public records are by statute chargeable against those who look up a title; this alphabetical index, which is referred to in the briefs and on the trial, is not usable to charge the Comptroller with constructive notice. There is no evidence from which it can be inferred that the Corporation Counsel was guilty of negligence in not consulting that index after failing to find any record in the block index that title had passed out of De Roche.

The Corporation Counsel, as the city's agent in investigating the title in the " unknown owner " proceeding brought by the estate, could not reasonably be expected to suspect that a deed from Nolan to Nolan indexed against that block covered premises previously conveyed by De Roche to Nolan by deed improperly recorded in another block. There was no block

5037 index deed into Nolan out of De Roche, and there is no authority submitted to the effect that a failure to doubt the record and be suspicious and look elsewhere is negligence.

There seems to be no authority holding that the claim filed in the proceeding on March 16, 1938, was notice to the Comptroller in 1939; that notice was ignored by the decree. It is not the duty of the Comptroller to go behind the decree. He should assume that since that final decree (March, 1939) ignored the plaintiff, and failed to give him the award, his claim therein was adjudicated against him. No other claim was filed with the Comptroller till long after he had obeyed the order of this court and paid out the award to the executor.

The answer failed to deny the ninth paragraph of the complaint and the plaintiff's contributory negligence must be ignored. On that question, however, it appears that although his father executed the deed to him in February, 1938, the son did not record it until April 26, 1938, at which time the condemnation proceeding was still going on. Even the tentative decree was not made until six months thereafter, and the final decree was filed a year after he received his deed. He did not follow up his March 16, 1938, '' notice of claim,'' and evidently did not inquire what disposition had been made of it in the proceeding. If he had done so, he would have found that the tentative decree, made six months after he filed that claim, had ignored said claim, and the final decree, made a year after he filed it, had also ignored it, and an award for the land was, in each decree, made to an '' unknown owner.'' Thereafter, he did nothing to warn the Comptroller not to pay that award to anyone but himself until ten months after the award had been made. From the date of his filing a claim in the condemnation proceeding (March 16, 1938) until November, 1939, he did nothing except file his deed on April 26, 1938. He knew at the time he received the deed (because of its contents) that the proceeding was on, and he could be charged with notice of the published fact that title had vested in the city long previous to that date; he was chargeable with knowledge of his rights under the statute that governs that proceeding. He does not give any proof that he did not know about the publications provided for by law incident to the decrees therein, nor does he claim that he did not know that the proceeding had been closed and that tentative and final decrees had been made. It might well be inferred that one living in Staten Island might be expected to know of these facts concerning the taking of land in Staten Island for a public purpose when he held an assignment of an award therein.

The plaintiff cites *Merriman* v. *City of New York* (227 N. Y. 279), but it does not seem to be pertinent to the problem here discussed. In 1909 the final report of the commissioners specified the owner of the land taken and awarded her the amount which the Comptroller later paid to her. Merriman was a mortgagee, but under section 485 of the then charter (Greater New York Charter) the mortgage was discharged (p. 285). There was no need, therefore, to look at the record, since the mortgage had ceased to exist; the court decided for the city largely on the ground that the mortgagee had not notified the Comptroller of an adverse claim. Section 983 of the Greater New York Charter provided that the award must be paid to the person named by the commissioners " in the absence of notice in writing to the comptroller of adverse claims thereto." It can fairly be said that this notice must be served after there has been an award and relates to the payment of an award made other than by adjudication resulting from a proceeding brought by one who seeks to designate an owner for the award in place of the " unknown owner " named in the report.

The plaintiff's March 16, 1938, notice is filed in the condemnation proceeding and is obviously addressed to the condemning tribunal because it " prays for a hearing in support of his claim and a just and equitable award thereon." The original, offered in evidence, bears the stamp of the Comptroller and the Corporation Counsel. It does not mention any property in block 5037. It lays claim to an award to be made for land in blocks 5031 and 5082. It does not specify the source of title or give the dates of any deeds, and was wholly insufficient to put anyone on notice of the fact that the property covered by the De Roche deed was that mentioned in the notice. The *Merriman* decision, therefore, is not applicable on two grounds, namely, that the notice therein mentioned was one to be filed against an award that had already been made, whereas this notice was filed over a year before an award had been made, and on the ground that this notice is insufficient for any such purpose, regardless of when it should be filed.

The plaintiff has failed to prove negligence by a preponderance of evidence. Judgment for defendant.