Jasen, J.
In this condemnation proceeding appellant Pine Top Building Corp., the owner of an easement in one of the parcels condemned, sought leave to intervene as a party defendant. The trial court, granting permission to Pine Top to intervene, held that its easement had been extinguished by the condemnation. The Appellate Division reversed, on the law, holding that the statement of facts submitted pursuant to CPLR 3222 was not sufficient to enable the court to determine whether the easement had been extinguished. Implicit in this holding was the view that the easement was not extinguished as a matter of law. Since we conclude that the easement was extinguished, we would reverse the order of the Appellate Division and reinstate the order of Special Term.
As indicated, the case was submitted at trial upon a stipulated set of facts, pursuant to CPLR 3222. On April 25, 1972, Elissa Lord conveyed a 13.5-acre parcel of real estate in Westchester County to appellant Pine Top. In the same deed Pine Top was also granted an easement of ingress and egress over adjacent land retained by Lord. On February 27, 1973, the Ossining Urban Renewal Agency, acting pursuant to section 555 of the General Municipal Law, filed a petition seeking, through condemnation, title in fee simple absolute to certain parcels of real property, one of which was this parcel belonging to Elissa Lord through which Pine Top’s easement ran. Pine Top was not named in the petition, nor was the easement specifically excepted from the taking of the parcel.
On May 31, 1973, the Supreme Court, Westchester County, granted the petition, ordering and adjudging that the Ossining Urban Renewal Agency was seized of this real property in fee simple absolute. Thereafter, Pine Top, claiming that this taking of Lord’s property extinguished its easement, sought to intervene so as to have its claim for compensation passed upon by the Commissioners of Appraisal appointed by the trial court. The Urban Renewal Agency, opposing such intervention, claimed that Lord’s property was condemned subject to the easement.
Under the "in rem” theory of the nature of title acquired by eminent domain, the condemnor takes title to land free of all encumbrances and inconsistent proprietary rights and extinguishes all interests and estates in the property. (3 Nichols, *631 Eminent Domain [rev 3d ed], § 9.1 [1].)* Justice Holmes described this concept in the following terms: "if there is such a thing as a new title known to the law, one founded upon the taking by the right of eminent domain is as clear an example as can be found.” (Emery v Boston Term. Co., 178 Mass 172, 184.) This court has expressed the same concept in similar terms: "By the [condemnation] proceeding the real estate acquired in the proceeding was obtained entirely free from the claims of all owners including all persons having an interest therein either legal or equitable.” (Merriman v City of New York, 227 NY 279, 285.) Thus, it has been held that a condemnation terminates mortgage liens (Merriman v City of New York, supra; Gates v De La Mare, 142 NY 307; Matter of City of Rochester, 136 NY 83), and tax liens (Matter of County of Nassau [Gelb—Siegel], 24 NY2d 621, 626; Matter of Cantro v Comptroller of State of N. Y., 198 Misc 925, 928, app dsmd 285 App Div 843), as well as easements (Matter of County of Nassau [Grace Nat. Bank] 256 App Div 1094, 1095).
To be sure, it is equally axiomatic that "the quantum of the title to be taken will not be extended by implication.” (Crouch v State of New York, 218 App Div 356, 358.) Here, however, the condemnor petitioned for, and was adjudged to have taken, title in "fee simple absolute”. This was wholly consistent with the authorizing legislation which provides that upon filing a declaration of condemnation and making the requisite deposits "title in fee simple * * * shall vest” in the condemnor. (General Municipal Law, § 555, subd 2.) At no time did the condemnor indicate that it was taking the property subject to Pine Top’s easement. (See Jafco Realty Corp. v State of New York, 18 AD2d 74, affd 14 NY2d 556.) Thus, it is clear that as a result of this taking Pine Top’s easement was extinguished, and that the facts submitted to the trial court were sufficient to enable it to determine this question.
Accordingly, the order of the Appellate Division should be reversed and the order of the Supreme Court reinstated.
*632 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and the order of Supreme Court, Westchester County, reinstated.

 Under an alternative theory, the theory of compulsory sale, the condemnor takes nothing more than the title to whatever interests were possessed by persons who were made parties to the condemnation proceeding. (3 Nichols, Eminent Domain [rev 3d ed], § 9.1 [2].) This theory, however, has apparently never been adopted in this State. In any event, since the Legislature has provided that "title in fee simple * * * shall vest” in the condemnor (General Municipal Law, § 555, subd 2), this theory would seem particularly inapposite here.