DAVID G. RETCHLESS, ESQ. County Attorney, Ontario County
This is in response to your recent letter in which you ask whether or not a County Clerk has an obligation to examine the "sufficiency of various documents" when such documents are presented to him for recording or filing.
With very few exceptions, the County Clerk is not under a duty, nor is he in fact authorized by law to render an opinion as to the substance of those documents presented to him for recording. The Court of Appeals has stated concerning the duty of the County Clerk as follows:
 "The official duty, imposed upon the clerk to certify upon the record, the time of day, month and year when a conveyance was recorded, necessarily implies authority to make such entries as will render his certificate intelligible and operative. Such a power no more involves the right on the part of a clerk to construe a conveyance, or give a legal opinion as to its effect, than does the power which he undoubtedly possesses to certify as to the identity of other instruments, which he is usually called upon to exercise. The performance of his uniform clerical duty requires him to compare the instruments which come to his possession for record with the copies made and certify as to the identity of their physical contents. Such a certification does not involve the expression of an opinion, but calls for the statement of a fact capable of absolute demonstration." (Putnam v. Stewart, 97 N.Y. 411, 418; see also Warren's Weed New York Real Property, Fourth Edition, Vol. 4A, § 4.02.)
Subdivision 1 of section 525 of the County Law provides:
 "1. The county clerk shall perform the duties prescribed by law as register, and be the clerk of the supreme court and clerk of the county court within his county. He shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors."
Thus, the duties of the County Clerk as prescribed by law are numerous. In performing these ministerial duties, the County Clerk must be guided by the various statutory requisites for proper filing as contained in the Real Property Law and found throughout the various New York statutes
As a general rule, the County Clerk must inspect all documents presented to him for recording to insure that they are entitled to be recorded. (See Security Discount Associates, Inc. v.Lynmar Homes Corp., 13 A.D.2d 389 [Second Dept., 1961].) However, it has been held that the County Clerk is not charged with the burden of going beyond the face of the document when examining the instrument. Where a deed contained an erroneous tax map designation, which the clerk followed, resulting in the erroneous recording of such instrument, the Court stated:
 "The statute does not impose upon the County Clerk the duty of deciding which block a deed is to be indexed against but puts that up to the person offering it for record." (Nolan v. City of New York, 179 Misc. 1011, 1014.)
It is well settled that the burden is upon the grantee (or the person offering the instrument for recordation) to see that the registry laws are complied with, that every step is taken and every act done which these laws prescribe for making the record proper notice to subsequent purchasers or encumbrancers (see Thompson, Real Property, Vol. 8, Permanent Edition, § 4372, page 200).
Therefore, the individual offering a paper for recording has the duty to present a paper which on its face provides the County Clerk with sufficient data for him to decide if the instrument is entitled to be recorded.
In the case which you mention in your inquiry the mandatory language of section 292-a must be followed. Such a conveyance executed and acknowledged by the attorney in fact of a corporation described by the statute is entitled to be recorded if the power of attorney under which the attorney in fact operated is recorded in the appropriate County Clerk's Office. Since the clerk was not satisfied, after an examination of the face of the conveyance, that the power of attorney was recorded, he was not obliged to record the document.
In conclusion, the County Clerk is not authorized nor should he act as a title examiner. It is not his function generally to give opinions on the validity or sufficiency of instruments presented to him for recording. However, in exercising his ministerial duty of filing and recording papers, documents, maps, etc., he is charged with the duty of administering all sections of the law which relate to the filing and recording of papers. He therefore must be familiar with the various sections of such laws and endeavor to administer them responsibly.