Prepared by State Reporter from Appeal Papers

*Fred Iscol* and *Hector McG. Curran* for appellant.

*James C. Van Siclen* and *Henry C. Frey* for respondent.

Appeal dismissed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

EDWARD C. BECHERER, Appellant, *v.* ELIZABETH V. BECHERER, Respondent.

*Husband and wife — cancellation — action by husband to cancel and set aside deeds of real property conveyed by him to his wife.*

*Becherer* v. *Becherer*, 219 App. Div. 814, affirmed.

(Argued December 6, 1927; decided January 10, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 8, 1927, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was husband against wife to cancel and set aside two deeds of real property theretofore conveyed by him to her.

*Harry A. Gair* for appellant.

*Seymour Mork* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of JAQUINO REALTY CORPORATION, Appellant, against WILLIAM C. ORMOND et al., Constituting the Board of Assessors of the City of New York, Respondents.

*New York city — streets — change of grade — erection of board walk on beach not change of grade within meaning of provision of charter for damages to abutting property.*

*Matter of Jaquino Realty Corp.* v. *Ormond*, 217 App. Div. 76, affirmed.

(Argued December 7, 1927; decided January 10, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department,

entered May 21, 1926, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the board of assessors of the city of New York to ascertain the damage, if any, sustained by petitioner's property by reason of the construction of the board walk on the beach at Coney Island. The petitioner owned real property which fronted for 100 feet on the beach. The Appellate Division held that the erection of the board walk was not such a change of grade in a street or avenue as was contemplated in section 951 of the charter of the city of New York, providing for award of damages to property owners arising from grading streets.

*Charles Lamb* and *Charles J. Nehrbas* for appellant.

*George P. Nicholson, Corporation Counsel (J. Joseph Lilly* and *John J. Mead* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

RACHEL YEDLIN et al., Respondents, *v.* HARRIS RUBIN et al., Appellants, Impleaded with Another.

*Vendor and purchaser — fraud — false representations — fiduciary relations — action to rescind purchase of real property, cancel purchase-money bond and mortgage and recover cash paid on transfer.*

*Yedlin* v. *Rubin*, 219 App. Div. 694, affirmed.

(Argued December 7, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered March 26, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiffs. The action was brought to rescind the purchase by plaintiffs of certain real property, to cancel a purchase-money bond and mortgage and to recover the cash paid by them upon the conveyance of the property on the ground of

34