(64 App. Div. 604.)

### In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. October 25, 1901.)

1. WATERS—CANAL—DEDICATION TO PUBLIC—FILING MAP — EMINENT DOMAIN.
   Where the owner of land between 144th street and the Harlem river built a canal from the river to 138th street, having filed a map of a pro- posed canal between the river and 144th street, there was no dedication to the public of a water way north of 138th street, inasmuch as the mere filing of a map without construction of the canal was not sufficient to constitute such proposed route a water way, so as to deprive the city of authority to condemn the land along such proposed route for a street.

2. SAME—CONSTRUCTION OF CANAL—PRIVATE WATER WAY.
   Where the owners of land between 138th and 144th streets acquired permission from the then authorities, the trustees of the town in which the land lay, to extend a canal north to 144th street, and agreed to erect a bridge at 138th street, and keep the same in repair, and it was agreed that, if they should fail to fulfill the terms of their agreement, the town might require the canal to be filled, such facts did not show a dedication of the water way between 138th and 144th streets to the public, so as to prevent the city from condemning such water way for street purposes.

3. HIGHWAYS—STATUTES—RECOGNITION OF HIGHWAY.
   Laws 1894, c. 544, providing that the commissioners of street improve- ments were authorized to construct a bridge over the canal at 138th

street, but providing that nothing in the act should prevent the commissioners of street improvements from establishing a public street beyond and along the line of the canal from 138th to 144th streets, did not recognize the canal as a public highway.

Appeal from special term, New York county.

Application by the city of New York to acquire lands for opening Canal Place. From an order denying a motion of the North River Electric Light & Power Company for an order vacating an order appointing commissioners of estimate and assessment, the North River Electric Light & Power Company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Chas. A. Collin, for appellant.
John P. Dunn, for respondent.

PATTERSON, J. On the 13th of June, 1899, commissioners of estimate and assessment were duly appointed in this proceeding, which was instituted for the purpose of opening a street to be called "Canal Place" over property constituting part of a canal or water way between 138th and 144th streets, in the borough of the Bronx, in the city of New York. The whole extent of the canal is from the northerly bank of the Harlem river to 144th street. It seems to have been constructed in 1855 from the river to 138th street, and in or about 1870 to have been opened northerly to 144th street. The section north of 138th street is the only part of the canal involved in this proceeding. After the commissioners were appointed and had taken the oath faithfully to perform the duties with which they were charged, the North River Electric Light & Power Company, which had not appeared on the application for the appointment of commissioners, nor in any way opposed such application, moved the supreme court to vacate and set aside the order of June 13, 1899, principally on the ground that the city of New York was without authority, and its officers had no jurisdiction, to close any part of the canal or water way; its contention being, in the words of its counsel, "that the city of New York has no right to lay out a street over a navigable water course connecting with the harbor, and to destroy the water course by a solid filling, and to convert it into an ordinary street for vehicle and pedestrial traffic; and that, therefore, the court had no jurisdiction to make the order sought to be vacated." The motion to vacate was in all respects denied, and from the order entered upon such denial this appeal is taken.

Without considering the regularity of the practice of attacking the order appealed from by such a motion as this, we are of the opinion that the order of the court below was properly made, and that upon the facts as displayed in the record that part of the water way between 138th and 144th streets proposed to be taken for street purposes in this proceeding is not a public navigable water way, such as the city of New York would be prohibited from closing and appropriating to street purposes by ordinary condemnation proceed-

ings. The appellant is the owner of a plot of ground with a frontage of 150 feet on the canal in the block bounded on the north by 144th street. It acquired title in 1892, has erected a valuable plant on its premises, and has used the canal facilities in the conduct of its business. The importance of those facilities to the appellant is apparent. Nevertheless, its right of way and easements in the canal are subject to being taken by the city by due process of law, unless it is shown that the canal through its whole extent from the Harlem river to 144th street is of such a character that it cannot be closed, or that the land over which it is constructed and the water runs cannot be diverted from one public use to another public use for want of authority in the city of New York to make the change. That, upon the proofs, is not shown; on the contrary, it is established that that part of the canal over which the street improvement is laid out is an artificial private way, and has not become a public way either by dedication, acceptance, or user. The land above 135th street was, prior to 1850, owned by Jordan L. Mott. In 1851 he received a grant of land under water, including an inlet running from about 135th street to the Harlem river. Into this inlet flowed a small rivulet southward from about 144th street. On July 12, 1850, Mott filed a map of a proposed canal between 144th street and the Harlem river, and subsequently, but before 1855, dredged the inlet, and built a canal from the Harlem river to 138th street, then called "Van Stoll Street"; but at that street the canal seems to have ended, for apparently the street was continuous. There was no bridge spanning a water course, and there was at that street no canal requiring a bridge. There does not seem to have been up to 1866 any dedication to public use of a water way north of 138th street, for the mere filing of a map without the actual construction of the canal or the use of a water way is not sufficient to constitute above 138th street a public water way, even under what is said by Denio, J., in Child v. Chappell, 9 N. Y. 251. That a private water way was contemplated and intended is one thing; appropriating and opening it to the public use is another. We do not see that prior to 1866 any such state of facts is disclosed as would authorize a finding that any public right existed in a canal above 138th street. Mr. Mott doubtless could have widened or deepened the small brook or rivulet into a larger stream, and opened it to public use; but he did not do so. In 1866, Messrs. Rider and Conklin became the owners of the land which now belongs to the appellant, and of other lands on both sides of the canal, which, as stated before, did not extend at that time further north than 138th street. At that street there was an embankment and culvert, and in 1869 Rider and Conklin obtained from the then proper authorities, viz. the trustees of the town of Morrisania, in the county of Westchester, permission to remove the embankment and substitute a drawbridge, and to extend the canal northerly to 144th street. A controversy had arisen between the town and Rider and Conklin respecting the right of the former to drain sewage into the small stream or rivulet that flowed into the canal, and to drain into the canal south of 138th street. That controversy

was settled by an agreement recognizing the right of the town for a certain period and on certain conditions to use the brook and canal for sewer drainage, and Rider and Conklin were authorized to remove the embankment and culvert, to erect a drawbridge, and extend the canal northerly from Van Stoll (138th) street. They stipulated, however, to keep the drawbridge in repair, to defray all the expense of maintaining it, to keep the canal in a suitable state for navigation; and it was also agreed that, should they fail to fulfill the terms of their agreement, the town might require that the canal be filled up at the cost of themselves, their heirs or assigns. Those provisions of the agreement, and other facts appearing in the proofs, such as the application of tolls collectible by Rider and Conklin to keeping the canal in repair, show that there was not a perpetual dedication of the canal above 138th street to the use of the public, but that, although a navigable water way was constructed, it was to remain a private way, subject to discontinuance and destruction as a water way for failure of the proprietors to observe conditions imposed by contract upon and assumed by the private owners as consideration for the privilege of constructing the way. That these owners did fail to fulfill their contract abundantly appears. Rider and Conklin were competent to enter into this agreement. The authorities of the town of Morrisania had the right to exact the conditions as terms of their assent to the removal of the embankment and culvert, which stood as lawful, physical barriers to the extension of the canal; and those who claim under Rider and Conklin (as this appellant does) have no other right in the canal than they had. It seems to us, therefore, that this canal above 138th street did not become a public navigable water way in the sense that would disable the municipal authorities from closing it. Nor did any subsequent acts of the constituted public authorities make it such. It was, doubtless, navigable by boats, but it was in reality a private affair. The act of 1894 (chapter 544) cannot be regarded as a legislative recognition of the canal as a public highway. Its terms sufficiently show that, even if one portion of it may be unconstitutional; for the legislative intent is to be gathered from the whole act. Nor can it be justly said that any of the acts done by the town of Morrisania or by the dock department of the city of New York amount to an acceptance of the canal as a public highway, or that there was such a user by the public as constituted the canal a public water way. Speir v. Town of Utrecht, 121 N. Y. 429, 24 N. E. 692.

The order should be affirmed, with costs. All concur.