In the Matter of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of Exterior Street and Other Streets in the Borough of the Bronx.

MABEL POILLON et al., Appellants.

456

Argued April 8, 1941; decided May 29, 1941.

*Thomas E. Shea* for appellants.

*William C. Chanler*, Corporation Counsel (*Joseph F. Mulqueen, Jr.*, *Julius Isaacs* and *Eugene L. Brisach* of counsel), for respondent.

LEWIS, J. This is a condemnation proceeding involving the acquisition by the city of New York of certain property rights possessed by the owners of lands which abut upon the Mott Haven Canal.

For a long period of years Mott Haven Canal was maintained as a navigable, private waterway extending from the bulkhead line of the Harlem river at One Hundred and Thirty-fourth street northerly to One Hundred and Forty-fourth street between Park and Rider avenues in the borough of The Bronx. As the canal was peculiarly

adapted to water-borne commerce in coal and bulk materials
the owners of abutting lands, to which attached easements of
rights of way over the waters of the private canal, installed
docks, coal pockets and various freight handling devices
by which advantage was taken of the commercial value
of their properties. In 1899 that portion of the canal
between One Hundred and Thirty-eighth and One Hundred
and Forty-fourth streets was acquired and filled for the
purpose of opening a street later known as Canal place.
Upon this appeal we are concerned with the remaining
segment of the canal between East One Hundred and Thirty-
fifth and One Hundred and Thirty-eighth streets which
was not closed until 1936. In that year, to accommodate
the widening of East One Hundred and Thirty-fifth street,
the city of New York instituted the present proceeding by
which are condemned certain property rights of the appel-
lants as owners of lands abutting upon the canal. The
present record is not clear as to the character of property
taken. We assume, however, that the proceeding does
not involve the acquisition of title to the appellants' lands.
It extinguishes those easements by which the appellants
enjoyed rights of ingress and egress in the waters of the
canal and thus calls for an appraisal of damages caused to
the appellants by the extinguishment of those easements.

The evaluation of property rights thus acquired was the
subject of proof at Special Term where findings were made
which are set forth in a memorandum decision by the court
upon which rests a decree which has been unanimously
affirmed by the Appellate Division. Although the pro-
ceeding comes here on appeal by our leave, the scope of
our inquiry may not include the value of the property
acquired — which is a question of fact — unless the find-
ings are based upon an erroneous theory of law. (*Matter
of City of New York* [*Fourth Avenue*], 255 N. Y. 25, 27.)
We think that in fixing the amount of the awards now
challenged Special Term adopted, and the Appellate
Division has approved, an erroneous theory of law which has
prejudiced the appellants' rights.

The ruling by Special Term contains the following statement: " *The decision of this court is predicated upon the representation made in open court that in place of this 55 feet-wide canal there will be substituted * * * a street of the same width fully improved and not subject to assessment by means of a local assessment area as against the abutting owners for such improvements*. This leaves for determination by the court the one question of quantum of damages that is the amount these abutting owners are damaged by reason of *the change from a canal to a street*. * * * Taking up for disposition damage claim of the abutting owner, the court finds that the damage by reason of the *change from a canal to a street* amounts to $1,000 for each twenty-five feet of land abutting on the canal." (Emphasis supplied.)

The Condemnation Law (Cons. Laws, ch. 73) makes provision by section 13 for the appointment of commissioners to ascertain the compensation to be made to owners of real property (including easements [see § 2]) taken by condemnation, and section 14 states that " in fixing the amount of such compensation, they [the commissioners] shall not make any allowance or deduction on account of any real or supposed benefits which the owners may derive from the public use for which the property is to be taken, or the construction of any proposed improvement connected with such public use."

The appellants argue that in fixing the awards to which they are entitled in this proceeding Special Term erred when, contrary to the express provisions of the statute quoted above, it considered benefits to the appellants' land which it ruled would result from a proposed public improvement. We have been unable to find any statute or provision of the New York City Charter (effective January 1, 1938) or the Administrative Code (L. 1937, ch. 929), and none has been cited by counsel, which makes inapplicable to this case section 14 of the Condemnation Law. We do not, however, agree with the interpretation of that statute now urged by the appellants.

In appraising the damages due to the extinguishment of an easement, only nominal direct damages may be allowed for the taking of the easement itself but consequential damages may be awarded for injury to the abutting land to which the easement attached. (*Newman* v. *Metropolitan Elevated Ry. Co.*, 118 N. Y. 618, 625, 628; *Bookman* v. *N. Y. Elevated R. R. Co.*, 137 N. Y. 302, 304, 305; *Sutro* v. *Manhattan Ry. Co.*, 137 N. Y. 592, 593; *Cook* v. *N. Y. Elevated R. R. Co.*, 144 N. Y. 115, 118, 119; 8 Carmody's New York Practice [part 2], pp. 1615–1618, and cases collated in 13 American and English Annotated Cases, p. 622.) As bearing upon that rule it is to be noted that section 3370 of the Code of Civil Procedure, which preceded section 14 of the Condemnation Law, was adopted in 1890. (L. 1890, ch. 95.) Prior to that time both the Rapid Transit Act and the General Railroad Law (L. 1875, ch. 606, § 20; L. 1850, ch. 140, § 16) had provided that commissioners of appraisal shall not " make an allowance or deduction on account of any real or supposed benefits which the party in interest may derive from the construction of the proposed railroad." The language thus employed was judicially interpreted as prohibiting the consideration of benefits in appraising direct damages, but not in appraising consequential damages. (*Newman* v. *Metropolitan Elevated Ry. Co.*, supra; *Bohm* v. *Metropolitan Elevated Ry. Co.*, 129 N. Y. 576, 591.) In the case last cited the court said (p. 591): " It is not offsetting injury against benefits. It is discovering whether in reality there has been any injury to the remaining land." It was also held that " Between this rule and the statutory provision [L. 1875, ch. 606, § 20; L. 1850, ch. 140, § 16] there is no conflict." (*Newman* v. *Metropolitan Elevated Ry. Co.*, supra, p. 628.) When the Legislature employed in section 3370 of the Code of Civil Procedure, and later in section 14 of the Condemnation Law, language which is identical with that which previously had been interpreted in the *Newman* case (*supra*), we may assume it intended that such language would be given a similar interpretation. (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, 288; *Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24, 30.)

It follows, we think, that in appraising the *consequential damages* which have resulted to the appellants' properties, Special Term was not precluded by section 14 of the Condemnation Law from considering the benefits resulting to the appellants' lands by reason of any public improvement which the record may show has been legally authorized. (*Bohm* v. *Metropolitan Elevated Ry. Co. supra*, p. 591; *Newman* v. *Metropolitan Elevated Ry. Co., supra*, p. 628; and see *Matter of City of New York*, 190 N. Y. 350, 360; *Matter of Manhattan Ry. Co.* v. *Stuyvesant*, 126 App. Div. 848, 849, 850.)

We conclude, however, that in determining the amounts of awards now challenged, Special Term erroneously accepted as an influential factor a " representation made in open court " that in place of the private canal — in the waters of which the appellants' properties enjoyed easements — the city is to substitute an improved street free from local assessments for such improvement. The record before us contains no proof of official action which affords authorized assurance that an improved street will be constructed by the city upon the filled prism of Mott Haven Canal between East One Hundred and Thirty-fifth and One Hundred and Thirty-eighth streets. We must assume from the language employed in the decision that upon the trial herein some " representation " was made in open court that such improvement would be made. But in the record at hand such a representation is not set forth. We are not informed by whom it was made, nor is there evidence that it was authorized by agencies empowered by law to commit the city to such a project.

The determination of the amount of the awards to the appellants for the loss of easements in the canal and for consequential damages, should not be influenced by any plan or proposal by the city to substitute an improved street for Mott Haven Canal, in the absence of proof that the construction of such street has been authorized as required by law and has progressed to such a stage that the appellants will be protected in the event the city should default in completing such improvement. What was

written for this court by FINCH, J., in *Matter of City of New York (Northern Blvd.)* (281 N. Y. 48, 53) is quite as applicable here: " To allow damages to this claimant before proposed and tentative plans come to fruition would bring into the proceeding highly speculative and imaginary elements, which would produce results unfair alike both to the claimant and the city."

The order of the Appellate Division and the decree of the Special Term in so far as appealed from should be reversed, without costs, and the matter remitted to the Special Term for further proceedings in accordance with this opinion.

LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur: LEHMAN, Ch. J., taking no part.

Ordered accordingly.