In the Matter of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Land Required for the Purpose of Establishing a Public Beach at Rockaway Beach in the Borough of Queens. METRO INVESTING AND CREDIT CORPORATION, as Assignee, Appellant.

Argued February 26, 1942; decided April 23, 1942.

*Leo B. Mittelman, Charles Greenbaum, A. M. Jacobs, Robert C. Poskanzer, A. Joseph Geist* and *Charles Lamb* for appellant. An award for consequential damage should have been made. (*Matter of Grade Crossing Commissioners,* 6 App. Div. 327; *Conklin* v. *N. Y., O. & W. Ry. Co.,* 102 N. Y. 107; *Matter of City of New York*

[*Putnam Ave.*], 108 Misc. Rep. 427; *Matter of City of New York* [*Northern Boulevard*], 281 N. Y. 48; *Matter of Jaquino Realty Corp.* v. *Ormond*, 217 App. Div. 76; 247 N. Y. 528; *People ex rel. City of New York* v. *Lyon*, 114 App. Div. 583; *Town of Fallsburgh* v. *Silverman*, 260 App. Div. 532; 286 N. Y. 594; *Matter of Culver Contracting Co.* v. *Humphrey*, 268 N. Y. 26.) The Special Term erred in not giving a full award. (*Matter of City of New York* [*E. 177th St.*], 239 N. Y. 119; *Matter of City of New York* [*West 229th St.*], 135 Misc. Rep. 710; 235 App. Div. 608; 259 N. Y. 647; *Nichols Copper Co.* v. *Connolly*, 208 App. Div. 667; 240 N. Y. 596; *Shinnecock Hills & Peconic Bay Realty Co.* v. *Aldrich*, 132 App. Div. 118; 200 N. Y. 533; *N. Y. Central & H. R. R. R. Co.* v. *Village of Ossining*, 141 App. Div. 765; 207 N. Y. 648; *Matter of Wallace Avenue*, 222 N. Y. 139; *Johnson* v. *City of Niagara Falls*, 230 N. Y. 77.)

*William C. Chanler*, Corporation Counsel (*Reuben Levy* and *Julius Isaacs* of counsel), for respondent. The damage parcels were by express agreements impressed with servitudes of public passage. The award for these parcels was correct. (*People ex rel. Sound Realty Co.* v. *Nicholson*, 277 N. Y. 101; *City of Cohoes* v. *D. & H. Canal Co.*, 134 N. Y. 397; *Smith* v. *City of Buffalo*, 159 N. Y. 427; *Tax Lien Co.* v. *Schultz*, 213 N. Y. 9; *People ex rel. Poor* v. *Wells*, 139 App. Div. 83; 200 N. Y. 518; *Matter of City of New York* [*Exterior St.*], 285 N. Y. 455; *Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25.) The consequential structural damage to property wholly outside the taking line is attributable solely to the changed grade of the boardwalk in front of the property. The condemnation statute conferred no power on the condemnation court to make an award for such damages. (*Matter of Culver Contracting Corp.* v. *Humphrey*, 268 N. Y. 26; *Matter of Van Etten* v. *City of New York*, 226 N. Y. 483; *Van Aken* v. *State*, 261 N. Y. 360; *Sauer* v. *City of New York*, 226 N. Y. 27; 206 U. S. 536; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Transportation Co.* v. *Chicago*, 99 U. S. 635; *Matter of City of New York* [*Northern Blvd.*], 281 N. Y. 48; *103 Park Ave. Co.* v. *Exchange Buffet Corp.*, 242 N. Y. 366.)

*Per Curiam.* The assignor of appellant was the owner of land at Far Rockaway, Queens county, N. Y., upon which had been erected an amusement park and a boardwalk. Access to the

amusement park was had from the boardwalk and from Rockaway boulevard which paralleled the boardwalk at a distance of six hundred feet. In a condemnation proceeding brought pursuant to Laws of 1918, chapter 506, as amended, the city of New York condemned so much of the tract as constituted the land upon which the boardwalk was erected, and title vested in the city to the portion taken on July 15, 1925. Some three years thereafter, pursuant to provisions contained in the same statute, and prior to the hearing at Special Term, the city erected a new boardwalk in the same location as the former one but at a level three feet higher.

It is urged by the city that no damages may be awarded to the claimant under the facts outlined, since we have here merely a change of street grade. The privately owned boardwalk taken was not a street within the meaning of section 951 of the New York City Charter (L. 1901, ch. 466, as amd.). (*Matter of Jaquino Realty Corp.* v. *Ormond*, 247 N. Y. 528, affg. 217 App. Div. 76.) This was an initial acquisition by condemnation. (See *Matter of City of New York* [*Putnam Ave. West*], [FINCH, J.], 108 Misc. Rep. 427, 431.) The true measure of the damages to which claimant was entitled was the market value of the entire tract and improvements before the taking, less the value of the remainder after the taking, including such damages resulting to the residue as were sustained by reason of the use, permanent in character, to which in this instance the portion taken had already been put by the one acquiring it. (*County of Erie* v. *Fridenberg*, 221 N. Y. 389; *Town of Fallsburgh* v. *Silverman*, 286 N. Y. 594; *South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301; *Matter of Culver Contracting Corp.* v. *Humphrey*, 268 N. Y. 26, 36; *Matter of Board of Water Supply of City of New York*, 277 N. Y. 452, 456; *United States* v. *Grizzard*, 219 U. S. 180; *Matter of City of New York* [*Northern Blvd.*], 281 N. Y. 48, 53.)

The order of the Appellate Division and the decree of the Special Term should be reversed, with costs in all courts to the appellant, and the matter remitted to the Special Term for disposition in accordance with this opinion.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.