In the Matter of The City of New York, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of Exterior Street, in the Borough of the Bronx.

Bowery Savings Bank, Appearing Specially, Appellant; Stephens Fuel Company, Inc., Respondent.

First Department, December 21, 1942.

*Melville Southard* of counsel (*Henry F. Richardson, Jr.,* with him on the brief; *Cadwalader, Wickersham & Taft,* attorneys), for appellant.

*Marion B. Pierce* for claimant-respondent Stephens Fuel Company, Inc.

*Eugene L. Brisach* of counsel (*Julius Isaacs* with him on the brief; *William C. Chanler, Corporation Counsel*), for respondent The City of New York.

DORE, J. The jurisdictional requirements in the acquisition of real property for the widening of East 135th street for the westerly approach to the Triborough bridge, borough of the Bronx, were properly complied with.

The Board of Estimate and Apportionment on October 20, 1936, authorized the taking in fee of the real property required for the extension and widening of East 135th street for the use of the public, and approved a rule map including, among others, a parcel designated " Parcel F," a strip of land running across the Mott Haven canal on the northerly side of East 135th street. This was done on notice duly published in the City Record pursuant to Greater New York Charter (L. 1901, ch. 466) then in effect for an order of condemnation. (§ 1000.) A notice containing a general description of the real property to be acquired by metes and bounds, including " Parcel F," was duly published, requiring every person interested in the property to be taken to file his claim and proof of title.

Title vested in the city on November 4, 1936. A draft map was prepared by the president of the Borough of the Bronx and approved by the Board of Estimate on December 18, 1936, showing Damage Parcel No. 29 in the bed of the Mott Haven canal at East 135th street.

Owners of real property along the canal, claiming to be affected by the improvement, filed claims for consequential damages by reason of shutting off access to the canal north of 135th street. Tentative awards were made including an award to the owner of Damage Parcel No. 381. Notice of the filing of the tentative decree was duly published in the City Record, as

provided by the Charter (§ 1002). Objections were filed and overruled as to Damage Parcel No. 381. The owner of that damage parcel successfully prosecuted an appeal to the Court of Appeals on the ground of inadequacy. (*Matter of City of New York [Exterior Street]*, 285 N. Y. 455.) Thereafter such owner filed affidavits stating there were no mortgages on the property and on April 20, 1938, thus collected the award in the sum of $23,272.80.

On September 26, 1940, appellant herein, mortgagee of the premises known as Damage Parcel No. 381, appearing specially, moved to vacate and set aside, as against it, the final decree, on the ground that the proceedings as to Damage Parcel No. 381 were without jurisdiction. This application was made two and a half years after payment of the award and nearly four years after the date of vesting of title in the condemnation proceedings. Special Term correctly denied the application without prejudice to any rights the appellant had against the fee owner under Greater New York Charter, section 983, providing that where an award has been paid to a person not entitled thereto, the person to whom it ought to have been paid may sue for and recover the same.

Under Greater New York Charter, section 969, subdivision 4, the term "real property" included all lands, easements, and every estate, interest, and right in lands. Appellant was not entitled to any notice other than that provided by statute. (*Matter of Mayor, etc., of City of New York*, 99 N. Y. 569.) The notice given showed that the City was acquiring a fee for street purposes in the widened portions of East 135th street through which the waters of the Mott Haven canal then passed. The easement of access was destroyed by reason of the use, permanent in character, to which the property taken in fee was put by the city acquiring it. It is immaterial that the property consequentially damaged was completely outside the northerly line of the taking in fee. (*Matter of City of New York [Rockaway Beach]*, 288 N. Y. 75; *Matter of City of New York [East River Drive]*, 264 App. Div. 555, 563.)

That the notice given was in fact adequate is shown by the appearance in the proceeding of the owners of parcels of land abutting on the canal between 135th and 138th streets, including the owner of Damage Parcel No. 381. They filed their claims and received awards for the consequential damage resulting to their property from this public improvement.

The payment made by the city to the person named in the final decree, in the absence of any prior demand from the mort-

gagee or others claiming an interest therein, was proper, and the constructive notices provided by the Charter, sufficient. This was held in a case in which it was said that the commissioners in condemnation had notice of the mortgage. (*Merriman* v. *City of New York,* 227 N. Y. 279, 284.) In the *Merriman* case, as here, (1) the mortgagee never served notice of any claim but defaulted in asserting a claim for damages by reason of the taking, and (2) there was no fraud or bad faith on the part of the comptroller or the city.

This court has ruled that the Mott Haven canal was a private waterway (*Matter of Canal Place,* 64 App. Div. 604), held, however, by the city not in its sovereign but in its proprietary capacity. Hence it was necessary that the city acquire the fee in its sovereign capacity for street purposes in the widened portions of 135th street through which the canal passed. Chapter 623 of the Laws of 1896 provided for a bridge to conform with the then width and grade of 135th street and is not inconsistent with the Charter provisions herein complied with, permitting the city to extend and widen 135th street after taking the bed of the canal in fee and erecting a widened highway that does not interfere with but facilitates the passage over the said street.

The order of Special Term denying appellant's motion to vacate the final decree in so far as it affects Damage Parcel No. 381 should be affirmed, with costs and disbursements.

CALLAHAN, J. (dissenting). Neither the notice of application to condemn, nor any subsequent document or notice in this proceeding showed any intention to take the property on which appellant's mortgage was a lien. Further, they failed to show any intention to close the Mott Haven canal on which appellant's property fronted. The proceeding was one to widen 135th street, the nearest line of which was 450 feet south of appellant's property. An existing State statute (L. 1896, ch. 623) required that a bridge constructed over the Mott Haven canal at 135th street was to be erected so as to maintain the width and depth of the canal at that place. Under these circumstances there seems to be no basis for a finding that appellant had notice of the pendency of any proceeding to take any easement appurtenant to its property, unless this was to be inferred from an examination of the rule maps. But the rule maps did not show that the canal was to be closed, nor did the draft damage map, which was approved after the vesting of title, indicate any such intention. Parcel " F " as shown on the rule maps, and Parcel " 29 "

as shown on the draft damage map merely indicate that these parcels were to be taken for the widening of 135th street. They show the continued existence of the canal on both sides of the widened street. In view of the provisions of the statute referred to above, the inference would be that a bridge was to be continued over the canal at 135th street. None of the maps showed that the canal itself was being condemned.

For these reasons there was no notice to persons owning property facing the canal, other than, perhaps, those owning the particular parcels actually taken in fee which fronted thereon, that easements appurtenant to such properties were to be extinguished. A landowner, or one holding a lien thereon, is entitled to notice of pendency of proceedings in which his property is to be taken. Notice by publication in the manner, time and place provided by statute is sufficient. (*Matter of Mayor, etc., of City of New York,* 99 N. Y. 569, 581.) But the notice published must reasonably apprise the owner or land lord of the intention to take his property. And where the damage arises from the nature of the use to which the condemned property is to be put, it is only when such use becomes actual or threatened that an owner has the right to damages. (*Vanneck Realty Corp.* v. *City of New York,* 284 N. Y. 403.)

Here the affidavit submitted on behalf of the city states that the owners of easements who appeared claimed that they were entitled to damages "because of the nature of the construction of the highway for the acquisition of which the lands described in the published notice" were being taken. It is only where the resolution to condemn for street purposes is to be construed as providing for the condemnation of greater rights than usually follow such taking that an owner is required to assert this claim for additional damages in the condemnation proceeding for the taking of the street. (*Vanneck Realty Corp.* v. *City of New York, supra.*) The nature of the improvement may undoubtedly be considered by the court in determining the amount of damage sustained by those properly before the court. (*Matter of City of New York* [*Rockaway Beach*], 288 N. Y. 75.) It does not follow from this that knowledge of the form of construction of the proposed improvement which may have been acquired by some property owners, in some manner other than by publication of due notice, would be sufficient legal notice to all property owners of proceedings to condemn.

Provision is made by statute giving the trial court power to correct damage maps so as to add thereto additional parcels where necessary, but this statute provides for a new publication and posting notice. (Greater New York Charter, § 994.)

Under the circumstances the action of the court in the present proceedings was ineffectual to cut off the rights of appellant unless section 994 of the Charter was complied with.

*Matter of Canal Place* (64 App. Div. 604) related to that portion of Mott Haven canal north of 138th street, whereas the parcel here concerned is south of 138th street. The latter portion of the canal existed since 1855. The problem before us is not one concerning title to the canal, nor the authority of the City of New York to change from one public use to another; it is whether the city gave notice of its intention to close the canal sufficient to apprise appellant that its property was being taken.

The rule of law that payment of an award to an owner is binding on the mortgagee of the property condemned unless such mortgagee makes a claim to the award (*Merriman* v. *City of New York,* 227 N. Y. 279), undoubtedly rests on the premise that adequate notice of intention to condemn has been given. The decision last cited makes this evident, because it is reasoned therein that the mortgagee might be satisfied to continue his loan despite the taking. But such a choice cannot be exercised by the mortgagee unless he has notice of the proceeding. In addition, in the absence of adequate notice of the proceedings, due process would be lacking.

The order should be reversed and the motion granted.

Martin, P. J., Glennon and Cohn, JJ., concur with Dore, J.; Callahan, J., dissents and votes to reverse and grant the motion.

Order affirmed, with costs and disbursements.