In the Matter of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of Exterior Street and Other Streets in the Borough of The Bronx.

BOWERY SAVINGS BANK, Appearing Specially, Appellant; STEPHENS FUEL COMPANY, INC., Respondent.

Argued February 24, 1944; decided May 25, 1944.

2

*Richard T. Herrmann, Curtis S. Bates* and *Henry F. Richardson, Jr.*, for appellant appearing specially. I. The proceedings insofar as they sought to affect the right of access via the Mott Haven Canal to damage parcel No. 381 were without jurisdiction. The condemnation of property across the mouth of the canal for street purposes did not expressly or impliedly authorize the closing of the canal. (*Matter of City of New York [Exterior St.]*, 259 App. Div. 1007, 285 N. Y. 455; *Matter of City of New York [Canal Place]*, 115 App. Div. 458, 191 N. Y. 525.) II. The interference with the easement of access was illegal as no notice was given of the taking thereof. (*Matter of New York City [Exterior St.]*, 259 App. Div. 1007; *Matter of City of N. Y. [Grand Boulevard]*, 212 N. Y. 538; *Bell Telephone Co.* v. *Parker*, 187 N. Y. 299.)

*Ignatius M. Wilkinson, Corporation Counsel (Eugene L. Brisach, Julius Isaacs* and *Leo Brown* of counsel), for respondent. I. The jurisdictional requirements of the condemnation statutes were fully complied with by the publication of the notice describing the lands acquired by metes and bounds, the nature and extent of the title acquired, as well as the purpose of the improvement. (Greater New York Charter [L. 1901, ch. 466, as amd.], §§ 969–1003; *Matter of Canal Place*, 64 App. Div. 604; *Matter of City of New York [Canal Place]*, 115 App. Div. 458, 191 N. Y. 525; *Matter Appl'n. Mayor, etc., of the City of N. Y.*, 99 N. Y. 569; *Merriman* v. *City of New York*, 227 N. Y. 279.) II. The acquisition in fee for street purposes extinguished all interests in the land taken, and awards were properly made for all damages, consequential as well as direct, occasioned by the taking. (Greater New York Charter, §§ 974, 979 [formerly § 996], 1000, 1003; *Merriman* v. *City of New York*, 227 N. Y. 279; *Matter of City of New York [Exterior Street]*, 285 N. Y. 455.) III. The award for damage parcel No. 381, having been paid to the person designated in the final decree, such payment, in the absence of fraud or notice of an adverse claim, relieved the City from further liability. (*Merriman* v. *City of New York*, 227 N. Y. 279.)

LEWIS, J. The appellant, The Bowery Savings Bank, a mortgagee of premises presently to be described, challenges procedure by which the City of New York acquired certain real property for the widening of East 135th Street in connection with the construction of the westerly approach to the Triborough Bridge. The condemnation involved easements possessed by the owners of lands, outside the lines of taking, which abut upon the Mott Haven Canal. (See *Matter of City of New York [Exterior St.]* 285 N. Y. 455, 457.) An award for consequential damages was paid to Stephens Fuel Company, Inc., the owner in fee of damage parcel No. 381, upon its representation that the property was free of all encumbrances. It now appears, however, that the appellant held several mortgages on that parcel but filed no notice of claim in the condemnation proceeding captioned above.

More than two years after payment of the awards the appellant, appearing " specially " in this proceeding, moved at Special Term to set aside the final decree in condemnation upon the ground that the court had acquired no jurisdiction in this proceeding over damage parcel No. 381 or over the appellant as mortgagee. Special Term denied the motion upon the ground that there was no fraud or mistake in making the award which would justify vacating the decree. The Appellate Division affirmed the order, one Justice dissenting, and granted leave to appeal to this court upon the following certified questions: " 1. Did the Court at Special Term have jurisdiction to amend the damage maps in this proceeding so as to include Damage Parcel No. 381 without giving the notice provided for in Section 994 of the Greater New York Charter? 2. Were the proceedings taken herein sufficient to apprise appellant that its property was to be taken? 3. Did the Court at Special Term have jurisdiction over appellant? "

Additional facts are as follows: On October 20, 1936, the Board of Estimate and Apportionment adopted a resolution which authorized the taking in fee of property required for an extension and widening of East 135th Street. The rule map approved by the Board included premises designated as " Parcel F ",— a strip of land on the northerly side of East 135th Street through which passed Mott Haven Canal. The proceeding was instituted on notice published in the *City Record* as pro-

vided by sections 999 and 1000 of the Greater New York Charter, which notice described by metes and bounds the property to be taken, including "Parcel F." The published notice also directed every person interested in the property to be taken to file a claim therefor and proof of title. Thereafter in due course and upon authority of a resolution of the Board of Estimate, the Corporation Counsel applied for an order of condemnation which was granted on November 4, 1936, on which date title to the property described in the condemnation notice vested in the City. A draft damage map was then prepared by the president of the Borough of Bronx and thereafter the appellant filed a notice of appearance as owner of damage parcel No. 147 — a parcel separate and unrelated to parcel No. 381 upon which it held mortgages. Thereafter it participated actively in the proceeding and received an award for parcel No. 147.

During the course of the condemnation trial several owners of parcels of real property along Mott Haven Canal and not within the lines of taking — including the owner of Parcel No. 381 — applied for leave to file claims in the proceeding. Such applications were based on the alleged fact that the acquisition of title in fee of damage parcel F, which included a segment of the Mott Haven Canal, and the filling in of the canal prism at that location would extinguish their easements in the Canal. The application was granted and the court directed that damage numbers be assigned to such owners along the Mott Haven Canal whose easements would be cut off by the taking. The damage numbers thus assigned included the Parcel No. 381 owned by Stephens Fuel Company, Inc., as to which property the appellant was a mortgagee.

A tentative decree included awards to Stephens Fuel Company, Inc., as owner of damage Parcel No. 381 and to the appellant as owner of the separate damage Parcel No. 147. Notice to file objections to the tentative awards was published in the City Record as provided by the Greater New York Charter and thereafter a final decree in condemnation was entered.

Upon the appellant's present motion to vacate the final decree in condemnation it appears that Stephens Fuel Company, Inc., filed with the Corporation Counsel proof of title of its premises

in connection with its claim for consequential damages; that such claim included a verified statement by one of its executive officers — " That said lands [Parcel No. 381] are free and clear of all mortgages * * * "; that upon receiving payment of the award an executive officer of Stephens Fuel Company, Inc., signed a verified receipt therefor and a release, which instrument contained the statement " There are no mortgages or liens of any description against the said premises "; that in truth the appellant was then the owner of several mortgages which were liens upon land comprised within Parcel No. 381. It also appears by an affidavit of the executive officers who filed the verified proof of title for the corporate owner of Parcel No. 381 and the verified receipt and release at the time the award was paid, that at the times of filing such instruments they knew there were mortgages upon the lands described in the instruments but were informed by counsel and believed that no land subject to the mortgage liens was being acquired by the City of New York in the condemnation proceeding.

The question for our decision is whether the notice of condemnation, which failed specifically to describe damage Parcel No. 381 as included in the taking, was adequate.

The appellant argues that the condemnation proceeding as originally instituted gave inadequate notice that easements appurtenant to property abutting upon Mott Haven Canal outside the line of taking would be affected. It asserts that a description showing a taking in fee of Parcel F, which included a strip of land through which Mott Haven Canal passes, would give no indication that a bridge at that location and within the line of taking was to be discontinued and that the canal prism was to be filled at that point. A statute is cited (L. 1896, ch. 623) pursuant to which a bridge had been erected over the Mott Haven Canal at East 135th Street as a means to maintain the width and the depth of the canal at that location.

We may not disregard the fact that Mott Haven Canal is a private waterway and was properly the subject of condemnation. (*Matter of Canal Place*, 64 App. Div. 604, 606–608. Cf. *Matter of City of New York* [*Canal Place*] 115 App. Div. 458, 464, 465, affd. 191 N. Y. 525.) There was no requirement that the City retain permanently a bridge across the canal at East

135th Street if, for the purposes of widening that street, it acquired the fee of the segment of canal lands there involved and filled in the canal prism within the line of taking. The only notice to which the appellant was entitled was that prescribed by statute. (*Matter of Appl'n Mayor, etc., of City of N. Y.,* 99 N. Y. 569, 580.) The Greater New York Charter, section 999, requires of the City that its notice of application shall indicate " * * * the real property to be taken by a general description by metes and bounds * * * ". Section 1000 of the Charter provides for a notice which shall contain " a general description of the real property to be acquired." The City complied with the requirements prescribed in both sections. The City could not include damage Parcel 381 within the line of taking because it was not proposed to acquire that property. The damage to Parcel No. 381 was the consequential loss of easements which occurred by reason of the taking of the property described in the notice. An indication as to the sufficiency of the notice given may be gathered from the fact that several abutting owners on Mott Haven Canal outside the line of taking — including Stephens Fuel Company, Inc. — appeared in the proceeding and claimed consequential damages.

We believe that the notice was adequate and that the inclusion of damage Parcel No. 381 within the damage maps did not constitute an amendment of a defect in the notice of application or other proceeding in the condemnation as contemplated by section 994 of the Greater New York Charter. That statute provides: " § 994. The court may at any time amend any defect or informality in any notice, petition, pleading, order, report or decree in a proceeding authorized by this title, or cause real property affected by such defect, informality or lack of jurisdiction to be excluded therefrom, or other real property affected by such defect, informality or lack of jurisdiction to be included therein by amendment, upon ten days' notice, published and posted as provided by this title for the institution of a proceeding, and may direct such further notices to be given to any party in interest as it shall deem proper."

There was no defect or informality in any notice which required an amendment in the description of the property within the line of taking. The filing of claims for consequential dam-

ages by abutting owners outside the line of taking, and the assignment by Special Term of additional damage parcel numbers neither enlarged nor diminished the area within the line of taking. The published notice disclosed that the City was acquiring a fee for street purposes in land within the widened portions of East 135th Street through which passed the waters of the Mott Haven Canal. By that publication owners of lands abutting on the Canal outside the line of taking had notice that the City was to acquire property in fee for a use permanent in character which indicated there would be an impairment or destruction of their easements. Owners and others having interests in property outside the taking were thus apprised that the use to which the street might be put was actual or threatened and thereby might entitle the owners to consequential damages. (*Vanneck Realty Corp.* v. *City of New York,* 284 N. Y. 403. See *Matter of City of New York* [*Rockaway Beach*], 288 N. Y. 75, 77.)

It follows that the payment made by the City to the claimant, Stephens Fuel Co., Inc., named in the final decree, in the absence of any prior demand by the appellant, was proper and that the notice given as provided by the Charter was sufficient. There was concededly no fraud or bad faith on the part of the Comptroller or the City which may vitiate the payment thus made. (See *Merriman* v. *City of New York,* 227 N. Y. 279, 284.)

The order should be affirmed, with costs. Each certified question should be answered in the affirmative.

CONWAY, J. (dissenting). This is an appeal from an order denying a motion to vacate and set aside a final decree in condemnation proceedings. The final decree contained an award to Stephens Fuel Company, Inc., " for loss of use of Motthaven Canal and for loss of use of improvements on said damage parcel." Appellant, The Bowery Savings Bank, is the holder of mortgages on the property of Stephens Fuel Company, Inc.

The condemnation proceeding was brought to acquire the lands necessary to widen 135th Street and other streets to be used as the westerly approach to the Triborough Bridge. A resolution of the Board of Estimate and Apportionment adopted October 20, 1936, provided: ·

" Resolved, That the Board of Estimate and Apportionment, in pursuance of the provisions of the Greater New York Charter, as amended, deems it for the public interest that the title, for the uses and to the extent thereof as hereinmentioned, to the real property required for the opening and extending of * * * East 135th Street from Park avenue to Lincoln avenue, * * * where not heretofore acquired by The City of New York for street purposes, * * * should be acquired by The City of New York.

" Resolved, That the title to be so acquired is hereby determined to be a title in fee in such premises. * * * "

The Corporation Counsel thereafter applied to the Supreme Court on notice published in the *City Record* for an order of condemnation. The said application described the property by metes and bounds. In Parcel F was included a strip in or across the Mott Haven Canal. (The City already owned a good portion of the Canal.) The notice to file claims provided that "each and every person interested in the real property to be taken for the purpose of opening and extending of the above named streets having any claim or demand on account thereof " shall file his claim before November 18, 1936.

Nothing was said in those papers about the Mott Haven Canal or about closing it.

On October 20, 1936, the Board of Estimate approved the rule map submitted by the Borough President of the Bronx for use in the proceedings. That map shows the Mott Haven Canal running through Parcel F to the Harlem River.

On December 18, 1936, the Board of Estimate approved a damage map submitted by the Borough President for use in the proceedings. That map also showed the Mott Haven Canal running through Parcel F.

On March 5, 1937, the Board of Estimate approved the amendment of the proceedings to acquire additional property. Nothing was said about the Mott Haven Canal. Supplementary rule and damage maps were thereafter approved. The Supplementary Rule Map showed the Mott Haven Canal running through Parcel F, but the Supplementary Damage Map only showed it within Parcel F and not continuing through it.

Upon the trial in the condemnation proceedings certain of the owners of lands along the Mott Haven Canal applied for

leave to file claims on the ground that the Canal would be rendered valueless as a result of the proceeding and that the closing of the Canal would result in damage to them by reason of the fact that the highway to be erected for the westerly approach to the Triborough Bridge would shut off access to the Mott Haven Canal north of 135th Street. The application was granted, damage numbers (including number 381) assigned to the plots affected by the discontinuance of the Canal and testimony taken. (See *Matter of City of New York* [*Exterior Street*], 285 N. Y. 455, and record therein.)

A tentative decree was thereafter entered. It contained an award to Stephens Fuel Company, Inc. (among others), for Parcel No. 381 for " Improvements, Damage for removal of Canal ". A final decree was entered and an appeal taken. This court directed further proceedings as to the amount of the award (285 N. Y. 455) and subsequently an award was made and paid to Stephens Fuel Company, Inc.

The Bowery Savings Bank was the owner and holder of three first mortgages covering the premises (Parcel No. 381) owned by Stephens Fuel Company, Inc. However, Stephens Fuel Company, Inc., made two affidavits stating that there were no mortgages or other incumbrances. The award was therefore paid to Stephens Fuel Company, Inc., and not to The Bowery Savings Bank.

The Bowery Savings Bank had appeared in the condemnation proceedings with reference to another parcel (Parcel No. 147), had actively participated in the trial, and was awarded damages for that parcel. It had no actual notice, however, as to Parcel No. 381 (the Stephens' parcel).

The Bowery Savings Bank now urges that the court had no jurisdiction to amend the proceedings so as to include Parcel No. 381 and that there was no notice that there was to be interference with the easement of access of Stephens Fuel Company, Inc.

The Appellate Division has certified the following questions:

" 1. Did the Court at Special Term have jurisdiction to amend the damage maps in this proceeding so as to include Damage Parcel No. 381 without giving the notice provided for in Section 994 of the Greater New York Charter?

" 2. Were the proceedings taken herein sufficient to apprise appellant that. its propery was to be taken?

" 3. Did the Court at Special Term have jurisdiction over appellant? "

The resolutions of the Board of Estimate, the maps and the notices all showed that certain lands were to be taken in fee for the purpose of widening streets. We do not think any of those documents would apprise property owners that a canal was to be closed. There was at that time a drawbridge across the Mott Haven Canal. Since the street, which was to be widened crossed the Canal, the natural inference would be that the widened street would also cross the Canal. That would necessitate a new bridge but not the closing of the Canal. There is nothing in the record to show why the Canal was closed. The closing apparently had nothing to do with the widening of the particular street, but may have been in connection with some other project. In connection with a prior appeal, Special Term stated that a representation had been made in open court that a street would be substituted for the Canal. The record, however, does not disclose the representation nor by whom it was made. (See 285 N. Y. 455, 459, 461.) In the brief of appellants then submitted, it was stated that the Canal had been rough-filled but that no further improvement had been made since 1937 (that was in 1941). The instant proceeding was initiated in October, 1936. The closing of the Canal could not have been contemplated because of anything in connection with the Triborough Bridge approach. Clearly the property owners could not have learned from the notices and maps that the Canal was to be closed. The abutting property owners who filed claims must have learned of it in some other manner.

It is claimed, however, that because the City was taking Parcel No. 29 (the portion of the Canal just north of 135th Street). *in fee,* the easements were cut off. Respondent contends that the notice that certain parcels were to be taken by the City in fee informed property owners outside the lines of taking that the easements in the Canal were to be extinguished and that they should file claims. That does not follow. The fact that the City took the land in fee would not mean that the Canal was to be closed. The City might have permitted the Canal to

remain; it might have widened and deepened it; it might have charged for the use of it; it might have used the bed to uphold parts of a new bridge without closing the Canal. The record in the prior proceeding shows that the City *had acquired the entire bed* of the Canal except Parcel No. 29 *in tax lien foreclosure actions.* A referee's deed was given to the City on June 26, 1922. Since the City permitted the *Canal and the easements* to remain, even though it owned the property, there was no reason to suppose that the City would not continue the Canal after it had acquired an additional parcel of the bed.

There is nothing inconsistent between the ownership in fee of a parcel by one person and the ownership of an easement in the same parcel by another. By definition, " an easement is a right without profit, created by grant or prescription, which the owner of one estate may exercise in or over the estate of another for the benefit of the former." (*G. L. & P. J. R. R. Co.* v. *N. Y. & G. L. R. R. Co.,* 134 N. Y. 435, 439.) The two estates are independent and the conveyance of one does not affect the other. In *Nellis* v. *Munson et al.,* (108 N. Y. 453) in holding that an easement was an interest " in fee or of a freehold estate " within the meaning of a statute requiring that the conveyance of such an interest must be acknowledged, we said (p. 460) : " Washburn in discussing the distinction between an easement and a license, says that ' an easement always implies an interest in the land, in or over which it is to be enjoyed. * * * ' And further says, ' the ownership of an easement and that of the fee in the same estate are in different persons. Nor does the interest of the one affect that of the other, so but that each may have his proper remedy for an injury to his right, independent of the other.' " Where the City serves notice that it is taking the fee of the servient estate, it does not follow of necessity that it is taking the easement which is appurtenant to the dominant estate. Certainly not, when it is a street opening proceeding although it would be so if it were a street closing proceeding. Here the City was attempting a closing proceeding *result* in a street opening and widening proceeding. Opening and closing proceedings produce different results and have different purposes. Thus when it was desired to close this same Canal north of 138th

Street to 144th Street in the Bronx, a proceeding was instituted for the purpose of opening a street to be called Canal Place over property constituting part of a canal or waterway between those streets. (*Matter of Canal Place*, 64 App. Div. 604.)

The easements here were apparently acquired by grant (see *Matter of City of New York* [Canal Place], 115 App. Div. 458, 463, affd. 191 N. Y. 525) and since they were estates independent of the fee, there was nothing in the notice that the City was to take the fee which would apprise the owners of the dominant estates that their interests were being taken. It has been held that " The property or interest to be acquired must be ascertainable from the description thereof in the petition itself *without reference to extrinsic facts.* ' Without this the owner of land cannot know what portion of his lands is required; nor the commissioners what damages to appraise; nor the petitioner the precise boundaries of the land after the same is acquired.' " (*Bell Telephone Co.* v. *Parker,* 187 N. Y. 299, 303.) (Emphasis supplied.)

It is contended that Greater New York Charter section 999 and section 1000 require only that the City indicate in the notice to file claims " the real property to be taken by a general description by metes and bounds "; that the City complied with that requirement and that that was sufficient notice to abutting owners on Mott Haven Canal outside the line of taking. Section 999 provides that " Whenever the *acquisition of title to real property* " shall have been authorized, the Corporation Counsel shall publish a notice, which notice shall contain a metes and bounds description. Insofar as Parcel 381 was concerned in the instant case, the City was not acquiring title to real property, but was cutting off an easement. Undoubtedly, where the City is acquiring title to real property, it must describe that property by metes and bounds but that does not mean that if it is cutting off an easement it may be silent. Under that theory, if the City wished to acquire or cut off an easement, it could do so without giving anyone any notice. We think, therefore, that the provisions of the Charter do not change the rule that " The property or *interest to be acquired* must be ascertainable from the description thereof in the petition itself * * *." (*Bell Telephone Co.* v. *Parker, supra.*) (Emphasis supplied.)

Since the notices were inadequate to apprise the easement owners that their interests were being taken, I do not think Special Term had jurisdiction to add the additional damage parcels. If the court may *without notice* add other parcels, it will be impossible for any property owner to know when his interests are affected. The parcel involved in the instant case (Parcel No. 381) was three blocks away from the parcel the City was taking (Parcel No. 29) according to the notice given. It was merely tied to that parcel by the fact of the easement, which was appurtenant to it (Parcel No. 381) and not to Parcel No. 29. Suppose the Canal had extended for several miles. The property owners at the farther end might never learn through extrinsic sources that the City intended to close the Canal at the opposite end. Could the court add those parcels *without notice* merely because they were tied to the parcel being taken by their right to use the Canal? We think section 994 of the Charter provides a proper answer. That section indicates a method by which a condemnation proceeding may be enlarged when it develops during the course of it that other property rights are affected. It provides: " The Court may at any time amend any defect or informality in any notice, petition, pleading, order, report or decree in a proceeding authorized by this title, or cause real property affected by such defect, informality or lack of jurisdiction to be excluded therefrom, or other real property affected by such defect, informality or lack of jurisdiction to be included therein by amendment, upon ten days' notice, published and posted as provided by this title for the institution of a proceeding, and may direct such further notices to be given to any party in interest as it shall deem proper." We think this section applies to a situation like the present one, where it has developed during the proceeding that other rights are affected and that the notice and petition were defective in that they did not refer to them. Although no change occurred in the lines of taking, a change did occur in that easements were destroyed. Although no additional property was taken in fee, additional easements were included. The court should, therefore, have directed that notice be given of that change.

Section 994 also disposes of the argument that it would be too burdensome to require the City to search out every interest

that might be affected. If it develops during the course of a condemnation proceeding that certain property is consequentially affected, the proceeding may be amended to include that property. In most instances it will occur to some one that his rights are affected and notice can then be given to others in like situation.

In the instant case, moreover, it would have been quite a simple matter for the City to indicate that it was closing Mott Haven Canal, or that it was taking the fee *and all easements* therein. If either had been stated in the notices in addition to the fact that the fee was being taken and certain streets were to be widened, no one could have claimed that his interests were affected without notice.

We do not think that appellant's position is affected by the fact that it appeared in the proceeding as to another parcel. The lack of jurisdiction here is of the subject matter and not of the person. Jurisdiction of the subject matter cannot be conferred by appearance or consent. (*Patrone* v. *Howlett,* 237 N. Y. 394, 397.) The subject matter of the action (insofar as involved here) was the fee of Parcel No. 29. The court had no jurisdiction of the easement over Parcel No. 29 nor of Parcel No. 381 to which the easement attached. In order to cut off the easement both Parcel No. 29 (in and across the Canal, part of Parcel F) and Parcel No. 381 had to be brought within the jurisdiction of the court insofar as the easement was to be affected. That was not done, since the notices were inadequate. Therefore the fact that a party owning the easement appeared in the proceeding so as to protect his property rights in Parcel No. 147, conferred no jurisdiction on the court and appellant's interests were not cut off.

The first and second certified questions should be answered in the negative; the third question need not be answered.

LEHMAN, Ch. J., RIPPEY and DESMOND, JJ., concur with LEWIS, J.; CONWAY, J., dissents in opinion in which LOUGHRAN, J., concurs; THACHER, J., taking no part.

Order affirmed, etc.