In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property, Situated Between the Southerly Side of East 30th Street and the Northerly Side of East 49th Street, East River, Required for the Improvement of the Waterfront and Harbor of the City of New York, in the Borough of Manhattan.

BURNS BROTHERS et al., Respondents-Appellants; VANNECK REALTY CORPORATION et al., Respondents.

In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Real Property, Situated Between East 30th and East 41st Streets, and Between East 42nd and East 43rd Streets, East River, Required for the Improvement of the Waterfront and Harbor of the City of New York, in the Borough of Manhattan.

BURNS BROTHERS et al., Respondents-Appellants; VANNECK REALTY CORPORATION et al., Respondents.

First Department, June 28, 1944.

132

*Alfred D. Jahr* of counsel (*Julius Isaacs* and *Leo Brown* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for petitioner-appellant-respondent the City of New York.

*Thomas E. Shea* for claimant-respondent-appellant Burns Brothers.

*Charles Lamb* for claimants-respondents-appellants Estate of Robert Walton Goelet and The Beekman Estate, Incorporated.

*Alfred T. Davison* for respondent Vanneck Realty Corporation.

*I. T. Flatto* for claimant-respondent Delaware, Lackawanna & Western Coal Company.

*Per Curiam.* Although the resolution of the Board of Estimate instituting this proceeding makes no mention of a marginal street to be acquired, the petition for the order of condemnation specified that the acquisition was " for the uses of a marginal street, wharf or place and for no other purposes whatsoever." The City of New York urges that the proceeding was in fact brought solely to acquire title for improving the waterfront and harbor by a marginal street. However, the evidence shows that the proceeding contemplated the taking of greater rights than for a marginal street. It is our view that the taking was for the construction of an elevated highway as the final connecting link in the East River Drive. In such circumstances the appellants, The Beekman Estate, Incorporated, and Guy Cary and Philip A. Carroll as ancillary executors of the estate of Robert Walton Goelet, deceased, who claim to have suffered damages by such taking, are entitled to assert their claim in the condemnation proceeding itself. (*Vanneck Realty Corp.* v. *City of New York,* 284 N. Y. 403; *Matter of City of New York* [*Exterior St.*], 293 N. Y. 1; *Matter of City of New York* [*Jamaica Bay*], 256 N. Y. 382.)

The Beekman Estate, Incorporated, was the owner of a waterfront coal yard adjoining Damage Parcel No. 66 prior to the vesting of title herein. Its property, located on the southerly side of East 49th Street, fronted on the East River with appurtenant riparian rights. Though no land belonging to this appellant was condemned, the taking herein extinguished its riparian rights, changed its land from waterfront to inland property and depreciated its value. This appellant is entitled to be compensated for the extinguishment of its riparian rights and is also entitled to an award of consequential damages to its lands and improvements abutting the East River Drive.

Cary and Carroll as ancillary executors of the estate of Robert Walton Goelet, deceased, owned a plot of land at the junction of the East River and the northerly side of East 46th Street, of which Damage Parcel No. 56 formed a part. These appellants claim that in addition to the damages allowed them by the court they have the right to show additional consequential damage sustained by the remaining parcel not taken by the City caused by the erection of the East River Drive elevated

structure immediately in front of this remaining land. They urge that the property of which Damage Parcel No. 56 formed a part was available for all commercial waterfront purposes and that after the taking it had become inland property and its availability for waterfront commercial purposes had been destroyed. These appellants should receive compensation for damages sustained to the property remaining after the taking of Damage Parcel No. 56 caused by the erection of the solid masonry wall forming part of the East River Drive structure in front of the property not condemned.

As to Damage Parcels 2 and 2A, in which the City of New York is appellant and Vanneck Realty Corporation the respondent, and Damage Parcels 6, 6A and 6B, in which the City of New York is the appellant and Delaware, Lackawanna & Western Coal Company is respondent, and Damage Parcels 21 and 22, in which there are cross appeals by Burns Brothers and the City of New York, the decree is in all respects correct and should be affirmed.

The final decree should, accordingly, be reversed as to the claim of The Beekman Estate, Incorporated, and the claim of Cary and Carroll as ancillary executors of the estate of Robert Walton Goelet, deceased, with costs to said appellants. The proceeding should be remitted to the court at Special Term with directions (1) to take proof and make an award to appellant The Beekman Estate, Incorporated, for damages sustained by reason of the loss of its riparian rights and consequential damages sustained to the remaining land and improvements, and (2) to take proof and make an award to the estate of Robert Walton Goelet for consequential damages, if any, sustained by the land remaining after the taking of Parcel No. 56. As to all other claims and in all other respects, the decree appealed from should be affirmed, with costs to Vanneck Realty Corporation and the Delaware, Lackawanna & Western Coal Company against the City of New York.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and COHN, JJ., concur.

Final decree unanimously reversed as to the claim of The Beekman Estate, Incorporated, and the claim of Cary and Carroll as ancillary executors of the estate of Robert Walton Goelet, deceased, with costs to said appellants. Proceeding remitted to the court at Special Term with directions (1) to take proof and make an award to appellant The Beekman Estate, Incorporated, for damages sustained by reason of the

loss of its riparian rights and consequential damages sustained to the remaining land and improvements, and (2) to take proof and make an award to the estate of Robert Walton Goelet for consequential damages, if any, sustained by the land remaining after the taking of Parcel No. 56. As to all other claims and in all other respects, the decree is affirmed, with costs to Vanneck Realty Corporation and the Delaware, Lackawanna & Western Coal Company against the City of New York. Settle order on notice. [See *post,* p. 850.]