LYELL SHOPPING CENTER, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 30714.)

Fourth Department, December 29, 1955.

*Curtis J. Berger* for appellant.

*Jacob K. Javits, Attorney-General (Richard H. Shepp* and *James O. Moore, Jr.,* of counsel), for respondent.

*Per Curiam.* Claimant appeals from a judgment of the Court of Claims awarding $32,400 and interest as damages resulting from a permanent appropriation by the State of New York of a portion of claimant's land used in the operation of a retail shopping center in the city of Rochester, New York. The appeal is upon the ground that the award is insufficient and the judgment is contrary to the law and facts. The physical result

of the taking was to reduce by roughly one seventh the parking area of the development and to reduce materially (by change of grade in the highway along claimant's easterly line) the three hundred feet of access to that highway, formerly at grade the full depth of the plot.

Evidence of damage was offered by both the claimant and the State. At the conclusion of the testimony of the only appraisal expert sworn by the State, it was stipulated that another expert witness, if called by the State, would testify to damages of $32,400. This figure is $2,400 larger than that testified to by the witness sworn by the State. The award was placed by the court squarely upon and coincides with the stipulated estimate of the unsworn expert.

The State's experts, assuming the estimates of both were reached by the same approach, did not make use of the " before and after " measure of damage. Although we cannot say this failure in itself was error, it should be pointed out that the " before and after " test has been accepted and approved by the courts (*Matter of City of New York* [*Rockaway Beach*], 288 N. Y. 75); we believe it to be, in many cases, as accurate a measure as any to which the courts' attention has been directed, and think it particularly appropriate to the situation in this case.

However, taking for granted the validity, if not the wisdom, of the method of appraisal of damage employed by the State's experts, we find those estimates insufficient upon which to base an award. Beyond the unexplained arbitrariness of the factors applied, we feel that, under the facts of this case, the glaring inadequacy of the figure of $7,500 as the consequential damage denies, per se, the reasonableness or propriety of the factors employed in arriving at that evaluation. The award based upon such unsubstantial evidence cannot stand.

Moreover, the award is so grossly inconsistent with the findings and the evidence that it could not be sustained in any event. Having found the fair market value of claimant's property before taking to be $590,000, the trial court failed to make any finding of value after the appropriation. Subtracting the amount of the award from the value before taking as found by the court, leaves an after-taking value nearly $58,000 higher than the most generous estimate of that value offered by the testimony. As further evidence of inconsistency, it appears that the State's appraisal witness testified that the fair market value of the property *after* the appropriation was more than his estimate of its economic value *before* taking. Obviously, the award has

neither foundation in fact nor the support of any credible evidence.

Left with only the testimony of the claimant's witnesses as to damage, we decline to attempt modification of the award. Although we dislike the necessity of requiring claimant to retry its case, and do not mean to cast any reflection upon its expert witnesses, the fact remains that we are also left without any plausible evidence to the contrary. Under the circumstances, we do not feel we can intelligently appraise the accuracy of claimant's evidence of damage, at least to the point of deciding how many dollars, if any, those estimates might be in error.

We have decided that the judgment appealed from should be reversed, and, for the reason we deem it impractical and unwise to make an award in this case, have determined, as a matter of discretion, that a new trial should be granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment reversed, on the law and facts, and a new trial granted, with costs to the appellant to abide the event.