■ ARTHUR E. BRAND et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40871.) — Cross appeals from a judgment of the Court of Claims awarding $15,970 in damages for the appropriation of land in the Town of Beekmantown, Clinton County, as part of the Northway. Claimants owned and operated a dairy farm of approximately 167 acres consisting of two contiguous rectangular parcels. The tract is bounded on the east by Route 9 and on the north by Spellman Road. The highest and best use of the land before and after the appropriation was dairy farm and building lots on Route 9. The State appropriated approximately 23 acres consisting of land along the western boundary of the large rectangle for the Northway and a sliver of land along Spellman Road for an interchange. The other rectangular parcel of 26 acres was severed and isolated from the farm buildings and left without access from any public roadway. A drainage problem was created on a section of the remaining farm with resultant flooding of cropland. There is also evidence in the record showing curtailment in the dairy farm production of about 50%. The court awarded claimants $3,970 as direct damages for the taking of the 23 acres and $12,000 as consequential damages to the remainder. The State appeals the judgment on the grounds that the court erred in failing to set off the enhancement in value to claimants' land caused by the construction of the Northway interchange and the fact that the award of direct damage is without evidentiary support inasmuch as the total value after taking was found to be less than testified to by either of the

experts. Claimants cross-appeal because of inadequacy. The court's award of $3,970 direct damage is within the range of testimony, although the basis for such figure is unclear. The conflict of the experts arises from a dispute as to whether or not the frontage on Spellman Road had any value as frontage before the taking or whether it was only a boundary of the farm. Claimants' expert attributed a value of $5,252 to such frontage and this, when added to the $3,393 set as the value of the other section taken, made the total direct damage $8,645. The expert for the State valued all the land taken at $2,675. The State contends that the figure of $2,675 as direct damage is the maximum award which should be allowed. The State urges that any consequential damages suffered are greatly exceeded by the increased value of the land remaining due to the Northway interchange. This argument is incongruous inasmuch as the State has already paid claimants $7,200 as a partial payment. The State claims this figure was based upon an earlier appraisal which was erroneous. It is apparent from the record that the court regarded any benefits to the remainder of the property as general benefits and as such they could not be offset. This was error. Consequential damages to the remaining property must be offset to the extent that such property has been benefited by the improvements (*Esso Standard Oil Co.* v. *State of New York*, 9 A D 2d 840, 841; *Matter of City of New York* [*Exterior St.*], 285 N. Y. 455, 461; *Bohm* v. *Metropolitan El. Ry. Co.*, 129 N. Y. 576, 595; *Newman* v. *Metropolitan El. Ry. Co.*, 118 N. Y. 618, 624). We believe it is well settled that general benefits as well as benefits special or peculiar to the premises in question may be deducted against any consequential damages (*Saxton* v. *New York El. R. R. Co.*, 139 N. Y. 320; *Bohm* v. *Metropolitan El. Ry. Co., supra*). The distinction between general and special benefits concerns only the amount of benefit received by a specific parcel and not whether the benefit is subject to offset. We are unable on the record before us to determine the basis for the court's decision. There is evidence of the loss of acreage causing a reduction in claimants' herd and production. However, the record lacks any indication as to actual monetary loss. This inability to determine the basis for the damages found by the court coupled with the court's apparent error in refusing to offset what it considered to be general benefits necessitate the reversal of the judgment and remitting the case to the Court of Claims for further proceedings not inconsistent with this opinion. Judgment reversed, on the law and the facts, and new trial granted, without costs. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.